IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHARLES RANDALL HARRISON<br>PETITIONER<br><br>v.<br><br>DAVID L. WINN, WARDEN<br>RESPONDENTS | 05-40021<br><br>Case NO: 3:96 cvs 7/RV |



RECEIVED JAN 2 6 2005

PETITION UNDER 28 U.S.C. 2241
AND MEMORANDUM OF LAW IN
SUPPORT THEREOF

Comes now, Charles Randall Harrison, in want of Counsel, the Petitioner in the above-styled cause of action and hereby moves this Honorable Court for relief pursuant to 28 U.S.C. 2241

## JURISDICTION

Jurisdiction is vested in this Court by virtue of 28 U.S.C. 2241 (C)(3). Because 28 U.S.C. 2255 is "inadequate" and "ineffective" to test the legality of detention, Harrison may seek to invoke the 2255 "savings clause" as a means of presenting his constitutional claims to this Court. Since the sentencing Court has no jurisdication under 28 U.S.C. 2255 to hear extraterritorial challenge to the execution of Harrison's sentence. **SEE DESIMONE v. LACY**, 805 F.2d *at* 323, Headnote 1 and 2.

The Fourth Circuit Court of Appeals in **IN RE JONES,** 226 F.3d 328 (4th Circuit, 2000) "Conclude[d] that in a limited number of circumstances... 2255 as amended by the A.E.D.P.A., is inadequate to test the legality of the detention of a Federal prisoner. In such cases, the prisoner may file a petition for Writ of Habeas Corpus in the district Court of confinement pursuant to 28 U.S.C. 2241 **Id.** at 333. Further, the United States District Court for the district of New Jersey ruled in **HARRIS v. UNITED STATES,** 119 F.Supp 2d 458 (D.N.J. 2000) that a **APPRENDI** claim can be properly raised in a motion pursuant to 28 U.S.C. 2241 when a defendant is barred from raising the claim by the A.E.D.P.A.

## STATEMENT OF THE CASE

On November 6, 1996, Harrison proceeded to Jury trial on a two count indictment for a drug conspiracy charge on November 7, 1996, the jury returned a guilty verdict for both counts.

On January 23, 1997, Harrison was sentenced to a term of imprisonment totaling 420 months on count one and 360 months on count two to

(1)

be run concurrent with each other and ten years supervised release.

On Febuary 3, 1997, Harrison filed a timely notice of appeal and on January 28, 1999, Harrision's conviction and sentence were affirmed by the 11th Circuit Court of Appeals.

On January 26, 2000, Harrision filed a motion under 28 U.S.C 2255 to the District Court of conviction to vacate, set aside or correct his sentence.

On April 6, 2001, Magistrate Judge Miles Davis entered and order and set a evidentiary hearing for May 30, 2001.

On July 9, 2001, the Magistrate Judge remanded Harrison back to be resentenced on Count one of the conviction from 35 years to 30 years.

On September 27, 2001, Judge Roger Vinson resentenced Harrison in "abstentia" to 360 months on Count one.

harrison is entitled to Habeas Corpus relief under 28 U.S.C. 2241, or Audita Querela relief under the (All Writs Act) under 28 U.S.C. 1651. **SEE IN RE DORSAINVIL**, 119 F.3d. 245 (3rd Cir. 1997) **IN RE HANSERD**, 123 F.3d 922 (6th Cir. 1997) and **TRIESTMAN**, 124 F.3d 361 (2nd Cir. 1997).

## ARGUMENT

A criminal defendant has a "right" to insist that the prosecutor prove to a jury all facts legally essential to punishment. When these essential facts are not submitted to the Jury but are instead determined by a Judge by a mere preponderance of the evidence as in the case at bar this "right" is violated, no matter who created the rules authorizing or directing the Judge to do so. The Supreme Court in its recent decision in **BLAKELY**, 124 S.CT 2531, 2542 (2004), stated that

(2)

a Federal District Court violates the Fifth and Sixth Amendment rights of a criminal defendant when it relies on facts that were not both charged in the indictment and either found by a Jury beyond a reasonable doubt or admitted by the defendant to increase the maximum sentence dictated by the United States Sentencing Guidelines.

The only evidence presented in Harrison's trial was the 1200 grams of amphetamine taken from Keary Owens at the time of his arrest. In the drug sentencing table that converts to 299 Kilos of marijuana or level 26 at criminal history category two which equals 70 to 87 months.

Harrison's Judge Roger Vinson sentenced him over objection **SEE (EXHIBIT A)** to 16.5 kilograms of methamphetamine without one gram of physical evidence that any of the drugs were methamphetamines by a preponderance standard resulting in a sentence of 35 years.

harrison states that he is "actually innocent" of the enhanced sentence he recieved because there was no jury determination concerning drug quantity and type. Harrison also received ehancements for being a supervisor in the conspiracy, an enhancement of Keary Owens, a codefendants possession of a firearm and a enhancement for obstruction of justice for denying his ocnduct in this conspiracy all of which the Judge found by the preponderance of evidence standard and in violation of Harrison's Sixth Amendment Jury trial guarantee by the Constitution of the United States. Harrison has a colorable claim that he is actually innocent of the enhance sentence **SEE BOASLEY,** 523 U.S. at 623 (quoting **CARRIER,** 477 U.S. at 496. CF **WYZKOWASKI v. DEPT OF CORR.** 226 F.3d 1213, 1218-19 (11th Cir. 2000).

harrison states that Warden David L. Winn is executin an unconstitutinal sentence on harrison from which he demands immediate release.

(3)

Harrison was tried and convicted and sentenced in the District Court for the Northern District of Florida, Pensacola division. Harrison's Jury was not instructed to find any quanity of drugs just to find him guilty of the indictment against him, which did not list any quanity either.

Therefore Harrison's drug quanity should start at the first wrung of the ladder on the drug table which is level 12 at a criminal history category of II which produces a sentence of 12 to 18 months. Harrison was also enhanced for being a supervisor two points and a two level enhancement for co-defendant Keary Owens possession of a firearm and two levels for obstruction of justice. All these factors were found by the sentencing Judge Roger Vinson by a preponderance of the evidence standard. Harrison's attorney <u>objected to this line of fact finding</u> stating that it <u>violated the defendants Sixth Amendment Jury trial guarantee.</u> The Judge thought himself bound by the United States Sentencing Guidelines and sentenced Harrison accordingly. **SEE (EXHIBIT A).**

Therefore Harrison's sentence went from 12 to 18 months to 420 months or 35 years. Harrison has now served over a decade on this sentence and has far exceeded the term of imprisonment found by the jury and he now demands immediate release.

## ISSUE TWO

Harrison was indicted in a two count indictment for Count I, conspiracy to possess with intent to distribute Methamphetamine and Amphetamine in violation of 21 U.S.C. 841 B(1)(A) Viii and 841 b(1)(D). Count two possession of Amphetamine on August 16, 1996 with intent to distribute in violation of 21 U.S.C. 841 (b)(1)(D).

(4)

Harrison under 28 U.S.C. 2255 got his sentence vacated on a general verdict issue on Count one under Edwards. So Harrison had to be resentenced in 2001 to Amphetamine because it carried the lesser statutory maximum of the two. At Harrison's first sentencing hearing the Judge Roger Vinson sentenced Harrison to the Statute of 841 (b)(1)(C) for Amphetamine instead of (b)(1)(D) for which he was indicted and tried and convicted for. Harrison states that the sentencing Judge could not sentence him to a statute after verdict that he was neither indicted for nor convicted of. This error raised Harrison's maximum sentence from 10 years to 30 years. Harrison has already served the 10 year maximum sentence that he was convicted of and demands immediate release because he is being held in violation of the laws and Constitution of the United States **SEE (EXHIBIT B)**.

Respectfully Submitted,

*Charles Randall Harrison*
Charles Harrison

(5)

Owens was a charged coconspirator, he possessed guns during the course of the conspiracy.  It's certainly reasonably foreseeable, given the amount of money that was involved and drugs that were involved, that firearms would be used during the course of the conspiracy.

THE COURT:  Well, not only were they used but they were used and undoubtedly Mr. Harrison was fully aware they were being used even in the absence of any proof that he used them directly, personally.  So that's certainly within the adjustment under the <u>Otero</u> guideline and under guideline 2D1.1(b)(1), so that objection is overruled.

MR. SPURLIN:  Then we just renew our factual objections as stated in the written objection, Your Honor.

THE COURT:  Well, if you have an objection you want to preserve for appeal you need to bring it to my attention right now.  The Eleventh Circuit's <u>Jones</u> procedure requires you to make sure all of these are clearly raised and are a matter of record, Mr. Spurlin, so I can't rule on it unless you bring it to my attention.

MR. SPURLIN:  Well, I would say a global objection, and I know the guidelines provide otherwise.  The defendant is going to object to use of any information outside the trial transcript because it is our position that that is violative of the Sixth Amendment guarantee to confront those witnesses against one.  If the court can utilize any

1  material, any information outside a trial for the purposes of
2  sentencing I respectfully submit there's not much use in a
3  trial.
4     It's really within the purview of the finder of fact, the
5  jury, to determine what the culpable conduct of the defendant
6  was. And that culpable conduct as determined by the jury
7  should be the sole source of sentencing.
8     THE COURT: Well, if it's relevant conduct, relevant
9  conduct is expressly required to be included under the
10 guidelines. And any relevant conduct, assuming it meets the
11 preponderance of the evidence standard, can be considered.
12 Overruled.
13    MR. SPURLIN: And I would object to the use of the
14 drug methamphetamine in paragraph ten, eleven, twelve,
15 thirteen, fourteen, fifteen, sixteen, seventeen, eighteen. I
16 believe it also appears in nineteen, twenty, twenty-one,
17 twenty-two, twenty-three and twenty-four.
18    THE COURT: All right, that objection is overruled.
19 There's overwhelming evidence that it was methamphetamine.
20 There may be a question about whether this is methamphetamine
21 L or methamphetamine D. Mr. Knight, do you want to be heard
22 on that?
23    MR. KNIGHT: Your Honor, I don't think that the
24 laboratory analysis determined whether it was L or D. I'm
25 not sure under the guidelines whether it--

## CHARLES RANDALL HARRISON

92. Based upon the above information, it appears the defendant does not have the financial ability to pay a fine. He has outstanding liabilities, primarily attorney fees and medical expenses, and is facing an extensive period of incarceration.

## PART D. SENTENCING OPTIONS

*Schedule III*

93. Mr. Harrison is charged in Count 2 with Possession With Intent to Distribute Amphetamine in violation of 21 USC 841(b)(1)(D) and (2). Amphetamine is a Schedule II controlled substance. Therefore, the defendant should have been charged with a violation of Title 21 USC 841(b)(1)(C).

<u>Custody</u>

94. **Statutory Provisions:** Count 1: The maximum term of imprisonment is Life with a 20 year minimum mandatory pursuant to 21 USC 841(b)(1)(A). **(Enhanced Penalty)**

    Count 2: The maximum term of imprisonment is 30 years pursuant to 21 USC 841(b)(1)(C). **(Enhanced Penalty)**

95. **Guideline Provisions:** Based on a total offense level of 44 (treated as a level 43) and a criminal history category of II, the guideline imprisonment range is Life.

<u>Impact of Plea Agreement</u>

96. None.

<u>Supervised Release</u>

97. **Statutory Provisions:** Count 1: A term of supervised release of at least 10 years is required pursuant to 21 USC 841(b)(1)(A). **(Enhanced Penalty)**

    Count 2: A supervised release term of at least six years is required pursuant to 21 USC 841(b)(1)(C). **(Enhanced Penalty)**

98. **Guideline Provisions:** Count 1: The guideline range for a term of supervised release is 10 years pursuant to 5D1.2(b). **(Enhanced Penalty)**

    Count 2: The guideline range for a term of supervised release is six years pursuant to 5D1.2(b). **(Enhanced Penalty)**

C

# CHARLES RANDALL HARRISON

92. Based upon the above information, it appears the defendant does not have the financial ability to pay a fine. He has outstanding liabilities, primarily attorney fees and medical expenses, and is facing an extensive period of incarceration.

## PART D. SENTENCING OPTIONS

93. Mr. Harrison is charged in Count 2 with Possession With Intent to Distribute Amphetamine in violation of 21 USC 841(b)(1)(D) and (2). Amphetamine is a Schedule II controlled substance. Therefore, the defendant should have been charged with a violation of Title 21 USC 841(b)(1)(C).

*[margin note: Schedule III]*

### Custody

94. **Statutory Provisions:** Count 1: The maximum term of imprisonment is Life with a 20 year minimum mandatory pursuant to 21 USC 841(b)(1)(A). **(Enhanced Penalty)**

    Count 2: The maximum term of imprisonment is 30 years pursuant to 21 USC 841(b)(1)(C). **(Enhanced Penalty)**

95. **Guideline Provisions:** Based on a total offense level of 44 (treated as a level 43) and a criminal history category of II, the guideline imprisonment range is Life.

### Impact of Plea Agreement

96. None.

### Supervised Release

97. **Statutory Provisions:** Count 1: A term of supervised release of at least 10 years is required pursuant to 21 USC 841(b)(1)(A). **(Enhanced Penalty)**

    Count 2: A supervised release term of at least six years is required pursuant to 21 USC 841(b)(1)(C). **(Enhanced Penalty)**

98. **Guideline Provisions:** Count 1: The guideline range for a term of supervised release is 10 years pursuant to 5D1.2(b). **(Enhanced Penalty)**

    Count 2: The guideline range for a term of supervised release is six years pursuant to 5D1.2(b). **(Enhanced Penalty)**