IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE
2005 FEB 25 P 3:08

U.S. DISTRICT COURT
DISTRICT OF MASS

Charles Randall Harrison        )
       Petitioner      )
                                )
                                )
V.                              )   Case No: 3:96 CVS7/RV
                                )
                                )   05-40021-MLW
David L. Winn                   )
       Respondent      )   MOTION TO AMEND

Comes now, Petitioner, **Charles Randall Harrison** and respectfully moves this Honorable Court to allow amendment of his section 2241 petition by the addition of the proposed amendment filed with this motion.

This motion is made pursuant to Federal Rule of Civil Proc. 15(a) and includes and incorporates by reference the factual allegations, the exhibits and the legal argument set forth in Harrison's original section 2241 petition on file with this Court, as well as the authorities and argument set forth in the supporting memorandum attached hereto.

Respectfully Submitted,

Charles Randall Harrison
Reg No. 09856-002
P.O. Box 879 F.M.C. Devens
Ayer, Mass.  01432-0879

## MEMORANDUM OF LAW IN
## SUPPORT OF AMENDMENT

Section 2242 of the Judicial code provides that habeas corpus application "may be amended or supplemented as provided in the rules provided applicable to civil actions" **Id.** 28 U.S.C. 2242. Likewise, Rule 11 of the rules governing 2254 cases provides that "[t]he Federal Rules of Civil Proc., to the extent that they are not inconsistent with these rules, may be applied, when appropriate, to petitons filed under these rules". The advisory committee note to habeas Rule 5 points out, in turn, that under [Habeas] Rule 11 the Court is given the discretion to incorporate Federal Rules of Civil Procedure when appropriate, so Civil Rule 15(a) may be used to allow the petitioner to amend his petition..."**Id.** taken together these provisions allow amendment of the petition, under the liberal standards of Civil Rule 15." J. Liebman and R. Hertz, **Federal Habeas Corpus Practice and Procedure.** 17.2 (2nd Ed. 1994)(collecting authorities).

Civil Rule 15(a) gives habeas corpus petitioners, like other civil complaintants, the right to amend the petition once without leave of the Court "at any time before [the respondent files] a responsive pleading". **WILLIS v. COLLINS**, 989 F.2d 187, 189 (5th Cir. 1993). After the petitioner files one pre-answer amendment or the respondent submits an answer or other responsive pleading. Civil Rule 15 permits amendment "by leave of Court or by written consent of the adverse party". Fed. R. Civ. Proc. 15(a); cf. **BIRD v. COLLINS**, 924 F.2d 67,68 (5th Cir.) (per Curiam), Cert. denied 111 S.Ct. 2819 (1991). "[L]eave [to amend]

(1)

shall be freely given when Justice so requires". **Federal Habeas Corpus Practice and Procedure,** Supra, 17.2 (quoting Fed. Rules Civ. Proc. 15(a) and collecting authorities).

Two situations recur in petitioners seek and Courts grant leave to amend. The first situation, discussed above, arises when either the District Court (acting through the clerk or the Judge) or respondent (for instance, in its answer or in a dismissal or summary judgment motion), suggests that the petition is defective in form or that it fails to state a cause of action, or to plead facts sufficient to justify relief. The advisory committee notes to the habeas rules invite amendments in these situations, and the Federal Courts long have permitted such amendments that cure formal, procedural, or substantive defects in the petition and state tenable claims for relief.

In the instant case, as set forth in Harrison original petition, Harrison is asking this honorable Court to allow amendment because the Apprendi claim in the proposed amendment is a clarification of his claim in his original motion that he is **"actually innocent"** of the sentence imposed and for which he is presently **"in custody"**.

This allegation supports the **Apprendi** claim set forth herein. **MOLINA v. RISON,** 886 F.2d 1124; 1989 U.S. App. Lexis 14342**9 (9th Cir. 1989)(Collecting cases).

Based on the foregoing facts and law, as well as principals of fundamental fairness, Harrison respectfully submitts that leave to amend is appropriate and should be granted in this case. **SEE: J. Liebman and R. Hertz. Federal Habeas Corpus Practice and Procedure.** 3.4a pp. 156-157 and [n.16](3rd Ed. 1998)(and authorities therein).

(2)

### THE STATUTES IN COUNT ONE, 21 U.S.C. 841(b)(1)(A) AND (b)(1)(C) THAT HARRISON WAS CONVICTED AND SENTENCED UNDER ARE UNCONSTITUTIONAL PURSUANT TO APPRENDI: SUPRA

Congress "clearly intended that drug quantity and type be a [sentencing factor], not [an element] of the crime under Section 841". The statute is not susceptible to a contrary interpretation. **UNITED STATES v. NORDBY,** 225 F.3d 1053 (9th Cir. 2000). 21 U.S.C. and 841 are a part of a "significant history" of determinate-sentencing schemes permitting discretionary sentencing by judges, within the limits set by the legislatures based upon sentencing factors deemed relevant by the legislatures. **Apprendi** Supra 530 U.S. at 544, (O'Connor J. dissenting) Section 841 describes "unlawful acts" traditionally viewed as sentencing factors, in subsection (b)-(d). The penalties are based on the type, quantity and scheduling of the specifice drug.

Justice O'Connor's dissent in **Apprendi** recognized that the majority's "reasoning strongly suggest" that Federal determinate-sentencing schemes, such as that found in 21 U.S.C. 841, are not Constitutional. **Id. APPRENDI,** 350 U.S. at 550-51 (O'Connor, J. dissenting). **SEE ALSO Id.,** at 544 (stating that "in light of the adoption of determinate-sentencing schemes by many States and the Federal Government, the consequences of the **[Majority's]** rule in terms of sentencing schemes invalidated by today's decision will likely be severe"). Justice Breyer also expressed concern that "the majority's rule creates serious uncertainly about the Constitutionality of the confinement of those punished under them". **Id.** at 565 (Breyer J. dissenting).

Addressing this very issue, the Ninth Circuit Court of Appeals in

(3)

**UNITED STATES v. BUCKLAND**, 2001 WL 893440 (9th Cir. Wash.) held "after examining 841(b) with the usual tools of statutory construction, such as the statutes structure and legislative history, as well as the rule announced in **Apprendi** renders the determinate-sentencing schemes in 841(b) unconstitutional. **Apprendi** teaches us that "[i]t is unconstitutional for a legislature to remove from the Jury the assessment of facts that increase the prescribed range of penalties to which a criminal defendant is exposed". **Id.** 530 U.S. at 490 (quoting **JONES v. UNITED STATES,** 526 U.S. 227, 252 (1999)).(Stevens concurring). **NORBY,** 225 F.3d at 1053, held that 841 was not susceptible to an interpretation other than that Congress intended, drug quantity and type to be a sentencing factor, not an element of the offense under 841. **Id.** 225 F.3d at 1058.

Applying **Apprendi** to the statute as interpreted by **Norby,** one cannot avoid the conclusion that **Apprendi** renders 841(b) **unconstitutional** because they permit the Judge to find a fact the quantity and type of drugs, under the preponderance of the evidence standard, that increases a defendant's sentence above that which was determined by the Jury.

Petitioner asserts that it is now clear after the decision in **Booker, Fan-Fan,** and the concerns raised by the dissenters in Apprendi section 841(b) is unconstitutional rendering Harrison's judgment and sentence void. **SEE: EXPARTE SIEBOLD,** 100 U.S. 371, 375-76, 25 L.Ed. 717 (1880)("An unconstitutional law is void, and is a no law. An offense created by it is not a crime. A conviction under it is not merely erroneous but is illegal and void and cannot be a legal cause of imprisonment. **SEE ALSO: BLAKELY,** 159 L.Ed. 2d 414 ("when a Judge inflicts

(4)

punishment that the Jury verdict alone does not allow, the Jury has not found all the facts which the law makes essential to the punishment, and the judge exceeds his proper authority").(emphasis added).

Petitioner states that the reasoning in **Apprendi, Booker, Fan-Fan, Blakely** renders 841(b) unconstitutional and **Harrison demands immediate release from imprisonment.**

2-19-2005

Respectfully Submitted,

*Charles Randall Harrison*
Charles Randall Harrison
Reg No. 09856-002
F.M.C. Devens, P.O. Box 879
Ayer, Mass  01432-0879

(5)