IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSSETTS

CHARLES RANDALL HARRISON )
      Petitioner )
)
)
v. ) Case No: 3:96 CR57/RV
)
)
DAVID L. WINN )
      Respondent )

(A 05-40021 MLW)

MOTION TO AMEND SECTION 2241
PETITION PURSUANT TO FED RULE CIVIL PROC. RULE 15(A)

Comes now, **Charles Randall Harrison,** acting in propria persona and moves this Honorable Court to allow amendment to his 2241 petition by the addition of the proposed amendment filed with this motion.

This motion is made pursuant to the Federal Rules of Civil Procedure 15(A) and includes and incorporates by reference the factual allegations, the exhibits, and the legal arguments set forth in Petitioners original 2241 petition, as well as the authorities and argument set forth in the supporting memorandum attached hereto.

Repectfully Submitted,

Charles Randall Harrison
#09856-002 Unit P-3
F.M.C. Devens
P.O. Box 879
Ayer, Mass 01432-0879

## THIS COURT CAN AND SHOULD ALLLOW AMENDMENT OF HARRISON'S ORIGINAL 2241 PETITION TO INCLUDE THESE CLAIMS SET FORTH IN THE PROPOSED AMENDMENT

Section 2242 of the Judicial code provides that habeas corpus application "may be amended or supplemented as provided in the rules of procedure applicable to Civil actions". **Id.** 28 U.S.C. 2242. Likewise, Rule 11 of the rules governing 2254 cases provided that "[t]he Federal Rules of Civil Procedures, to the extent that they are not inconsistent with these rules, may be applied ,when appropriate, to petitions filed under these rules". The Advisory Committee note to habeas Rule 5 points out, in turn that "under" [Habeas] Rule 11 the Court is given the discretion to incorporate Federal Rules of Civil Procedure when appropriate. So Civil Rule 15 (A) may be used to allow the Petitioner to amend his petition...**Id.** "Taken together, these provisions standards of Rule 15". **J. Liebman and R. Hertz, Federal Habeas Corpus Practice and Procedure** 17.2 (2nd Ed. 199)(collecting authorities).

Civil Rule 15(A) gives habeas corpus petitioners, like other Civil complaintants, the right to amend the petition once without leave of the Court "at any time before [the respondent] files a responsive pleading". **WILLIS v. COLLINS**, 989 F.2D. 187, 189 (5th Cir. 1993). After the petitioner files one pre-answer amendment or the respondent submits an answer or other responsive pleading Civil Rule 15 permits amendment "by leave of the Court or by written

(2)

consent of the adverse party". Federal Rules Civil Procedure 15(A), C.F. <u>BIRD v. COLLINS,</u> 924 F.2d 67, 68 (5th Cir. 1993)(per curium) Cert. denied 111 S.Ct. 2819 (1991) "[L]eave [to amend] shall be freely given when justice so requires". **Federal Habeas Corpus Practice and Procedure Supra,** 17.2 (quoting Federal Rules Civil Procedure 15(A) and collecting authorities).

Two situations recur in which petitioners seek and the Courts grant leave to amend. The first situation, discussed above, arises when either the District Court (acting through the Clerk or Judge) or respondent (for instance, in its answer or in a dismissal or Summary Judgment motion) suggests that the petition is defective in form or that it fails to justify relief.

The Advisory Committee notes to habeas rules invite amendments in these situations, and Federal Courts long have permitted such amendments that cure formal, procedural, or substantive defects in the petition and state 'tenable claims for relief". **Federal Habeas Corpus Practice and Prodedure Supra,** 7.2 (citing inter alia, <u>ROMAN v. ESTELLE,</u> 917 F.2 1505, 1506 (9th Cir. 1990); and **PORCAVO v. UNITED STATES,** 784 F.2d 38, 41 (1st Cir.1986); and **JOHNSON v. ONION,** 786 F.2d 224, 225 (5th Cir. 1985); and **PEARSON v. GATTO**, 993 F.2d 521, 527 (7th Cir. 1991); and **RILEY v. TAYLOR,** 17 F.3d 308, 312 (10th Cir. 1992).

In the instant case [Harrison] is asking the Court to allow amendment to prevent a "fundamental miscarriage of justice".

(3)

It should be noted that this Court can and should entertain a new claim if it states a tenable claim for relief and would prevent a manifest miscarriage of justice.

Based on the forgoing facts and law, as well as the principles of fundamental fairness. [Harrison] respectfully submits that leave amend is appropriate and should be granted in this petition. SEE: J. Liebman and R. Hertz, Federal Habeas Corpus Practice and Procedure 3.4a pp. 156-57 and [n.16](3rd Ed. 1998)(and authorities therein).

## MEMORANDUM OF LAW CONCERNING PROPOSED AMENDMENT

The Supreme Court 'has repeatedly noted at Common Law, resjudicata did not attach to a Courts denial of habeas relief". SCHULP v. DELO, 130 L.Ed. 2d 808, 829 (1998)(citations ommitted). Instead a renewed application could be made to every other Judge or Court in the realm, and each Court or Judge was bound to consider the question of the prisoner's right to a discharge independently, and not to be influenced by the previous decisions. Id. "[A] prisoner retains an overriding interest in obtaining his release from prison if he is innocent of the charge for which he is incarcerated. Id. 832 (citations ommitted).

In "a trio of 1986 decisions handed down the same day"----"the Court had adopted the cause and prejudice standard in part because of its confidence that that standard would provide adequate protection to victims of a fundamental miscarriage of Justice". SCHULP, at 831, 832 (citations ommitted).

(4)

"[I]n an extraordinary case where a Constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas Court may grant the writ even in the absence of a showing of cause for the procedural default". **Id.** 832 (citing **MURRAY v. CARRIER,** 477 U.S. 478, 120 L.Ed 2d 269 (1986).

However subsequently in **SAWYER v. WHITLEY,** 120 L.Ed 2d 269 (1992). "the Court departed from Carriers use of "probably" and adopted a more exacting standard of proof to govern these claims, the Court held that a habeas petition must show by clear and convincing evidence that but for a Constitutional error, no reasonable Juror would have found the petitioner eligible for the death penalty. **Id.** 833. No attempt was made in **Sawyer** to reconcile this stricter standard with **Carrier's** use of "probably" **Id.** 833 "In evaluating **Schulps'** claim of innocence". The Supreme Court conclud[ed] that **Carrier** rather than **Sawyer's** properly stikes that balance when the claimed injustice is that Constitutional error has resulted in the conviction of one who is actually innocent of the crime" **Id.** 834

The **Carrier** standard thus ensures that petitioners case is extraordinary while still providing petitoner a meaningful avenue by which to avoid a meaningful injustice. **Id.** 835. **Carrier,** requires a petitoner to show that he is actually innocent...To satisfy the Carrier gateway standard, a petitioner must show that it is more likely than not that no reasonable Juror would have found petitioner's guilt beyond a reasonable doubt. **Id.** 836  **SEE ALSO:**

(5)

**BOUSLEY v. UNITED STATES,** 523 U.S. 614, 622 (1998).

[Harrison] must challenge all the bases of prisoner's current incarceration and petitioner avers as follows.

At the conclusion of [Harrison's] trial during Jury deliberation the Jury sent a question to Judge Roger Vinson asking for guidance on an important issue of law. The question read "What quantity or drug amount is considered an amount for personal use or possession or an amount for distribution. The Court made the suggestion for instruction that there is no legal definition of that and it is a matter for you to decide. (See trial transcript page 293, 294. Harrison was entitled to a lesser included offense instruction when the Jury asked for guidance on **"simple possession"** and **"personal use"** in that simple possession of Amphetamine is a lesser included offense of possession with intent to distribute Amphetamine. It is [Harrison's] proposition that Judge Roger Vinson abused his discretion in failing to instruct the Jury on the entire offense of simple possession. This was intrinsically harmful structural error. Errors of this type are so intrinsically harmful as to require "automatic reversal (i.e. **"affect substantial rights"**) without regard to their effects on the outcome. SEE: **SULLIVAN v. LOUISIANNA,** 124 L.Ed.2d 182 (1993)(holding a defective reasonable doubt instruction not subject to harmless error analysis because it vitiates all the Jury's findings"). Such an error "infects" the entire trial process, and necessarily renders a trial fundamentally unfair" **NEDER,** 119 S.Ct. at 1833. (internal

citations ommitted). Unlike **Neder**, [Harrison] was denied his Constitutional right to a fair trial. Instead of ommitting one element of the offense as in **Neder**, the Judge in this case refused to instruct on the entire offense of "Simple Possession" or "personal use".

This placed the Jury in a difficult position because Harrison had conceded culpability on the issue of Simple Possession of the 4.9 grams of Amphetamine. Thus the Jury could either accept [Harrison's] defense that he did not intend to distribute and aquit him knowing he was guilty of possession or convict him of possession with intent to distribute.

If the prosecution has not established beyond a reasonable doubt every element of the offense charged and if no lessor included offense instruction is offered the Jury must, as a theoretical matter return a verdict of aquittal. But a defendant is entitled to a lesser offense instruction....precisely because he should not be exposed to substantial risk that the Jury's practice will diverge from theory. Where one of the elements of the offense charged remains in doubt, but the defendant is plainly guilty of some offense, the Jury is likely to resolve its doubts in favor of conviction **KEEBLE**, 412 U.S. at 212-13, 93 S.Ct. 1993. **Keeble** illustrates what possibly happened in this case. It is obvious that the Jury had serious doubts that [Harrsion] was guilty of the conspiracy that he was charged for or the Jury would not have been seeking guidance that was crucial to its verdict. **SEE: UNITED STATES v. ALVEREZ**, 755 F.2d 830; Federal

Rules Criminal Procedure Rule 31 (e). Also the 11th Circuit's pattern Jury instrucitn for leser included offense in drug conspiracy cases comes with the mandatory [Jury verdict] form that must be used.

Harrison can meet **"cause"** for Counsel Richard Judge Spurlin having been fully apprised of the Jury's confusion **SEE:** (Trial transcripts page 293-294) did nothing and the adverarial process itself presumptively unreliable. **STRICTLAND (Supra)** 104 S.Ct. at 2047 (1984) Since "investigation and preparation are the keys to effective representatin" **ABA Projects on Standards for Criminal Justice, Standards Relating to the Prosecution Function and Defense Function** 224 (App. draft 1971). Counsel has a duty to "make an independent examination of the facts, circumstances, pleadings and laws involved. **VON MOLTKE v. GILLIES,** 332 U.S. 708, 721 (1948). Ineffective assistance of Counsel is "cause" **GREEN v. UNITED STATES,** 880 F.2d 1299, 1305 (11th Cir. 1989); **MURRAY v. CARRIER,** 477 U.S. 478, 488 (1986)(prodedural default not attributed to petitioner when result of ineffectiveness). Counsel's failure to offer instruction and preserve these issues for appeal was also ineffective. Failure to present "significant and obvious" issues establishes Constitutionally inadequate counsel. **JACKSON v. LEONARDO,** 162 F.3d 81, 85 (2nd Cir. 1998): **ALSO: GREY v. GREER,** 880 F.2d 644, 646-47 (7th Cir. 1986): Prejudice is also established. **SEE: UNITED STATES v. MONGER,** 185 F.3d 574 headnote 6 (1999). Intrinsic harmful structural error, such a "Plain error" mandates automatic reversal, so prejudice is presumed.

SEE: <u>SCHMUCK v. UNITED STATES</u>, 103 L.Ed 2d 734

Counsel's failure to request the lesser included offense instruction and the Courts failure to offer it Sua Sponte denied [Harrison] his Constitutional right to a fair trial and this case should be reversed for a new trial.

Respectfully Submitted,

4-18-2005

Charles Randall Harrison
#09856-002 Unit P-B
F.M.C. Devens
P.O. Box 879
Ayer, Mass  01432-0879

1  still might have to call you back. I think that's only
2  happened once in the thirteen years I've been a judge but it
3  could happen, so please give us a phone number.
4  Now, ladies and gentlemen, for the twelve of you
5  remaining, in recognition of the solemn duty we ask you to
6  perform as you now go back to the jury room to deliberate and
7  reach your verdict, I'm going to stand and I ask everyone
8  else in the courtroom to stand with me as the jury retires to
9  the jury room to deliberate and reach a verdict. Go ahead,
10 we'll send in the exhibits and other materials.
11     (At 3:14 PM the jury left the courtroom.)
12     THE COURT: Be seated. All right, we'll be in
13 recess pending a verdict. We have, I think, another matter
14 involving Mr. Conti to take up. We'll take about five
15 minutes and do that. Anything else, counsel, before we
16 recess? If not, we are in recess.
17 (Recess from 3:15 PM to 4:32 PM.)
18 (Open court. Defendants present. Jury not present.)
19     THE COURT: Well, we have a question from the jury.
20 And let me make sure we've got both defendants and all
21 lawyers. We do. The question reads: "What quantity or drug
22 amount is considered an amount for personal use or
23 possession, or an amount for distribution?" Let me read it
24 again: "What quantity or drug amount is considered an amount
25 for personal use or possession, or an amount for

1  distribution." Mr. Patterson?
2      MR. PATTERSON: The jury will have to rely on their
3  recollection of the testimony.
4      THE COURT: Mr. Spurlin?
5      MR. SPURLIN: Your Honor, I believe the statute has
6  a threshold amount, if I'm not mistaken.
7      THE COURT: If it does I'm not aware of it. What is
8  it?
9      MR. SPURLIN: I thought it was ten grams, Your
10 Honor.
11     THE COURT: I don't think so. Mr. Blow?
12     MR. BLOW: Judge, I think the answer to that
13 question is that's for them to decide.
14     THE COURT: Well, that's about all I can tell them.
15 So you opt for saying, "That's for you to decide"? Mr.
16 Patterson, any objection to that?
17     MR. PATTERSON: No, Your Honor. I think something
18 from the evidence.
19     THE COURT: I can say, "There's no legal definition
20 of that and it's a matter of, it's a matter for you to decide
21 from the evidence." Is that all right?
22     MR. PATTERSON: Yes, sir.
23     MR. SPURLIN: Yes, sir.
24     THE COURT: All right, here's the response: "There
25 is no legal definition, and it is a matter for you to decide