SCANNED
DATE: 8-22-05
BY: K Boyce

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **Charles Randall Harrison**<br>**Petitioner** | |
| **vs.** | Case No: ~~3:96-CV87/RV~~ 05-40021-MLW |
| **David L. Winn**<br>**Respondent** | |

**MOTION TO AMEND**

Comes now, Petitioner, Charles Randall Harrison and respectfully moves this Honorable Court to allow amendment of his section 2241 petition by the addition of the proposed amendment filed with this motion.

This motion is made pursuant to Federal Rule of Civil Proc. 15(a) and includes and incorporates by reference the factual allegations, the exhibits and the legal argument set forth in Harrison's original section 2241 petition on file with this Court, as well as the authorities and argument set forth in the supporting memorandum attached hereto.

Respectfully Sumitted,

Charles Randall Harrison
Charles Randall Harrison
Reg No: 09856-002
P.O. Box 879
F.M.C. Devens Unit P-2
Ayer, Mass 01432-0879

**MEMORANDUM OF LAW IN SUPPORT OF AMENDMENT**

Section 2242 of the Judicial code provides that Habeas Corpus application "may be amended or supplemented as provided in the rules provided applicable to civil action" **Id.** 28 U.S.C. 2242. Likewise, Rule 11 of the rules governing 2254 cases provides that "[t]he Federal Rules of Civil Proc., to the extent that they are not inconsistent with these rules, may be applied, when appropriate, to petitions filed under these rules". The advisory committee note to habeas Rule 5 points out, in turn, that under [Habeas] Rule 11 the Court is given the discretion to incorporate Federal Rules of Civil procedure when appropriate, so Civil Rule 15(a) may be used to allow the Petitioner to amend his petition. "**Id.** taken together these provisions allow amendment of the petition, under the liberal standards of Civil Rule 15". J. Liebman and R. Hertz, **Federal Habeas Corpus Practice and Procedure.** 17.2 (2nd Ed. 1994) (collecting authorities).

Civil Rule 15(a) gives Habeas Corpus Petitioners, like other civil complaintants, the right to amend the petition once without leave of the Court "at any time before [the respondent files] a responsive pleading". **WILLIS v. COLLINS**, 989 F.2D 187, 189 (5th Cir. 1993). After the Petitioner files one pre-answer amendment or the respondent submits an answer or other responsive pleading. Civil Rule 15 permits amendment "by leave of Court or by written consent of the adverse party". Fed. R. Civ. Proc. 15(a); cf. **BIRD v. COLLINS**, 924 F.2D 67, 68 (5TH CIR.) (per curiam), Cert. denied 111 S.Ct. 2819 (1991). "[L]eave [to amend] shall be freely

given when Justice so requires". **Federal Habeas Corpus Practice and Procedure,** Supra, 17.2 *quoting Fed. Rules Civ. Proc. 15(a) and collecting authorities*.

Two situations recure in Petitioners seek and Courts grant leave to amend. The first situation, discussed above, arises when either the District Court (acting through the clerk or the Judge) or respondent (for instance, in its answer or in a dismissal or summary judgment motion), suggests that the Petition is defective in form or that it fails to state a cause of action, or to plead facts sufficient to justify relief. The advisory committee notes to the Habeas rules invite amendments in these suituations, and the Federal Courts long have permitted such amendments that cure formal, procedural, or substantive defects in the Petition and state tenable claims for relief.

Based on the foregoing facts and law, as well as principles of fundamental fairness, Harrison respectfully submits that leave to amend is appropriate and should be granted in this case. **SEE: J. LIEBMAN AND R. HERTZ. FEDERAL HABEAS CORPUS PRACTICE AND PROCEDURE.** 3.4a pp. 156-157 and [n.16](3rd Ed. 1998)(and authorities therein).

**MEMORANDUM OF LAW**

On August 20, 1996, A.U.S.A. Edwin F. Knight and D.E.A. Special Agent Charles Gravat presented 1240 grams of a tan powdered substance to the Grand Jury of the Northern District of Florida. Mr. Knight presented this substance that was confiscated from Keavy Owens on August 16, 1996, as the drug methamphetamine and Special Agent Gravat under sworn statments to the Grand Jury mischaracterized this evidence as

methamphetamine a total of **sixteen** (16) times.

On 8-20-1996, Prosecutor Edwin F. Knight recieved a lab report from Mrs. Ivette Vallego that confirmed this same 1240 grams to be a completely different drug. The lab report revealed the substance to be Dl Amphetamine Hydrochlroride not methamphetamine as the prosecutor Mr. Knight and Special Agent Gravat had presented to the Grand Jury.

At that point at which Mr. Knight learned that he and Agent Gravat had presented material false information and perjured testimony that was material, the prosecutor Edwin F. Knight was under a duty to immediately inform the Court and opposing Counsel...and because both the presented evidence and the perjured testimony was material also to inform the Grand Jury in order that appropriate action might have been taken. It should be noted that Harrison's orginal and superseding indictment named only methamphetamine.

Indeed, the prosecutor instead of informing the Court and the other parties, and correct the cancer of justice, Mr. Knight did nothing and permitted Harrison to stand trial on an indictment that was based on false material evidence and the perjured testimony of Special Agent Charles Gravat and allowed the cancer to grow.

Significantly Agent Gravat testifies that in the last 90 days beofre August 16, 1996, three controlled buys of methamphetamine were purchase from Keary Owens prior to his arrest. This was another instant of blatant perjury in that the prosecutor Edwin F. Knight had in his possession at the time of trial, the three lab reports from forensic scientist Marc Crews which revealed three tested fro DL amphetamine

not methamphetamine. **SEE: (EXHIBIT A)**

Harrision states that the prosecutor Edwin F. Knight and his Grand Jury and trial witness Charles Gravat violated Harrison's Due Process under the Fifth Amendment of the United States Constituion.

While these cases cited by Harrison, may not exactly parallel those of the instant case, but that their ruling the consequences of a violation or an abuse of this prosecutorial duty must be applied where the prosecutor has knowledge that the testimony before the grand Jury was false and perjured. **SEE: MOONEY v. HOLOHAN**, 294 U.S. 103, 55 S.Ct. 340, 79 L.Ed. 791, (1935); **GILES v. MARYLAND**, 386 U.S. 66, 87 S.Ct 793, 17 L.Ed2d 737 (1967); **NAPUE v. ILLINOIS**, 360 U.S. 264, 79 S.Ct. 1173, 3 L. Ed. 2d 1217 (1959); **ALCORTA v. TEXAS,** 355 U.S. 28, 78 S.Ct. 103, 2 L.Ed2d9 (1957); **HYSLER v. FLORIDA**, 315 U.S. 411, 62 S.Ct. 688, 86 L.Ed 392, (1942); **PYLE v. KANSAS,** 317 U.S. 213, 63 S.Ct. 177, 87 L.Ed 214 (1942);

It should be also be noted to the Court, the Prosecutor superceded the indictment on September 17, 1996 and again on October 1, 1996 and did not to correct this cancer of justice.

## CONCLUSION

Therefore, Mr. Harrison states that the indictment should be dismissed and his conviction be reversed and any liabilities suffered therefrom removed.

Respectfully Submitted,

[signature]

Charles Randall Harrison
09856-002 Unit P-2
F.M.C. Devens P.O. box 879
Ayer, Mass 01432-0879

EXHIBIT (A) M11410

## REPORT OF DRUG PROPERTY COLLECTED, PURCHASED OR SEIZED

1. HOW OBTAINED (Check): Purchase [X] Seizure Free Sample Lab. Seizure Money Flashed Compliance Sample (Non-Criminal) Other (Specify)

2a. FILE NO.: GT-96-0016
2b. PROGRAM CODE:
3. G-DEP: XAA2R

4a. WHERE OBTAINED (City, State/Country): DEFUNIAK SPRINGS, FL
4b. DATE OBTAINED: 08/16/96
5. FILE TITLE: OWENS, KEARY

6a. REFERRING AGENCY (Name): N/A
6b. REFERRAL: Case No. OR Seizure No.
7. DATE PREPARED: 08/20/96
8. GROUP NO.: RO

| 9. Exhibit No. | 10. FDIN (8 characters) | 11. ALLEGED DRUGS | 12. MARKS OR LABELS (Describe fully) | 13. Seized | 14. Submitted |
|---|---|---|---|---|---|
| 1(a-d) | 96-087341 | Meth | 4 PSEE'S CONTAINING PACKAGES OF BROWN POWDER | | a) 1153 ounc b) 15.6 ounce c) 15.20 ounce d) 24 ounce |
| 2 | | Meth | PSEE CONTAINING PLASTIC BAG AND FOIL CONTAINER OF BROWN POWDER | | 3) 8 grams |
| 3 | | METH | PSEE CONTAINING WALLET WITH POWDER RESIDUE | | 206 gram |

16. WAS ORIGINAL CONTAINER SUBMITTED SEPARATE FROM DRUG? [ ] NO (Included above) [ ] YES (If Yes, enter exhibit no. and describe original container fully)

REMARKS: THE ABOVE EXHIBITS WERE SEIZED FROM A 1986 LINCOLN CONT. ON 08/16/96 BY OFFICER BURNHAM. THE EXHIBITS WERE TURNED OVER TO SA GRAVAT AT THE WALTON COUNTY SO. SA GRAVAT MAINTAINED CUSTODY OF EXHIBIT UNTIL IT COULD BE PROCESSED, SEALED AND MAILED TO THE SERL.

17. SUBMITTED BY SPECIAL AGENT (Signature): SA CHARLES L GRAVAT [signature]
18. APPROVED BY (Signature & Title): A/RAC MICHAEL MOON [signature]

### LABORATORY EVIDENCE RECEIPT REPORT

19. No. PACKAGES: 6 PSEE
20. RECEIVED FROM (Signature & Date): Rm 4934555534 8-23-96
21. TITLE:
22. SEAL: [ ] Broken [X] Unbroken
23. RECEIVED BY (Signature & Date): [signature] 8-23-96
24. TITLE: Evid Tech

### LABORATORY ANALYSIS/COMPARISON REPORT 9/17/96

25. ANALYSIS SUMMARY AND REMARKS

91408 91409 91410

Exhibit 1 Gross: 1479 g Net: 1247 g

Exhibit 2 32.3 g 0.31 g

Exhibit 3 208.2 g residue

Also found: Exhibit 1: Caffeine and Methyl Sulfone
Note: Exhibits 1, 2, and 3: Original containers from each exhibit submitted for fingerprint examination.

ccv *Salt undetermined

| 26. Exhibit No. | 27. Lab. No. | 28. ACTIVE DRUG INGREDIENT (Established or Common Name) | 29. Strength | 30. Measure | 31. Unit | 32. TOTAL NET | 33. RESERVE |
|---|---|---|---|---|---|---|---|
| 1 | 91408 | dl-Amphetamine Hydrochloride | 36 | % | | 448.9 g | 1242 |
| 2 | 91409 | dl-Amphetamine* | | | | | 0.1 |
| 3 | 91410 | No controlled substance detected | | | | | resi |

34. ANALYST (Signature): [signature] Sept. 18, 1996
35. TITLE: Forensic Chemist Ivette M. Vallejo
36. DATE COMPLETED: 9/16/96

37. APPROVED BY: [signature] 9/18/96
38. TITLE: Laboratory Director
39. LAB. LOCATION: Miami, Fl

DEA Form — edition dated 10/87 is OBSOLETE. 1 - Prov

(EXHIBIT R&R REPLY #11)



ALABAMA
DEPARTMENT OF FORENSIC SCIENCES

SATELLITE LABORATORY
1478 HARTFORD HIGHWAY
DOTHAN, AL 36301
(334) 712-9742
FACSIMILE (334) 712-1918

MEDICAL EXAMINER
207 NORTH CHERRY STREET
DOTHAN, AL 36303
(334) 793-0615
FACSIMILE (334) 677-6322

CERTIFICATE OF ANALYSIS

Mike Gillis
ABC Board Narcotics Division
P. O. Box 531
Samson, AL 36477

**CASE NUMBER:** 96DD71608 **SUBMITTING AGENCY CASE NUMBER:** 961077L31E

| SUSPECT(S) | RACE | SEX | BIRTH DATE | STATUS |
|---|---|---|---|---|
| Keary Owens | W | M | 09/16/57 | Adult |

**SERVICE REQUESTED:** DRUG ANALYSES

**CHAIN OF CUSTODY:**

| RELINQUISHED BY | RECEIVED BY | DATE | TIME |
|---|---|---|---|
| Mike Gillis | Marc Crews | 08/05/96 | 1320 |

**DESCRIPTION OF EVIDENCE:**

One sealed plastic bag containing one sandwich bag containing a tan compressed material.

**RESULTS OF ANALYSES: DATE(S) OF ANALYSES:** 08/05/96 - 08/22/96

Laboratory analyses of the compressed material revealed the presence of dl-amphetamine. dl-amphetamine is a Schedule II controlled substance. Weight in grams is 3.135.

Sworn to and subscribed before me this the 22nd day of August, 1996 as a true and correct copy.

Marc Crews
Marc Crews
Forensic Scientist II
Analyst

JoAnn Prescott
JoAnn Prescott
Notary Public



ALABAMA
DEPARTMENT OF FORENSIC SCIENCES

SATELLITE LABORATORY
1478 HARTFORD HIGHWAY
DOTHAN, AL 36301
(334) 712-9742
FACSIMILE (334) 712-1918

MEDICAL EXAMINER
207 NORTH CHERRY STREET
DOTHAN, AL 36303
(334) 793-0615
FACSIMILE (334) 677-0322

# CERTIFICATE OF ANALYSIS

Mike Gillis
ABC Board Narcotics Division
P. O. Box 531
Samson, AL 36477

CASE NUMBER: 96DD71607 SUBMITTING AGENCY CASE NUMBER: 961076L31E

| SUSPECT(S) | RACE | SEX | BIRTH DATE | STATUS |
|---|---|---|---|---|
| Keary Owens | W | M | 09/16/57 | Adult |

SERVICE REQUESTED:DRUG ANALYSES

CHAIN OF CUSTODY:

| RELINQUISHED BY | RECEIVED BY | DATE | TIME |
|---|---|---|---|
| Mike Gillis | Marc Crews | 08/05/96 | 1320 |

DESCRIPTION OF EVIDENCE:

One sealed plastic bag containing one plastic "corner" containing a tan compressed material.

RESULTS OF ANALYSES: DATE(S) OF ANALYSES: 08/05/96 - 08/20-96

Laboratory analyses of the compressed material revealed the presence of dl-amphetamine. dl-amphetamine is a Schedule II controlled substance. Weight in grams is 3.308.

Sworn to and subscribed before me this the 22nd day of August, 1996 as a true and correct copy.

Marc Crews
Marc Crews
Forensic Scientist II
Analyst

JoAnn Prescott
JoAnn Prescott
Notary Public



ALABAMA
DEPARTMENT OF FORENSIC SCIENCES

SATELLITE LABORATORY
1470 HARTFORD HIGHWAY
DOTHAN, AL 36301
(334) 712-5742
FACSIMILE (334) 712-1918

MEDICAL EXAMINER
207 NORTH CHERRY STREET
DOTHAN, AL 36303
(334) 793-0615
FACSIMILE (334) 677-6322

CERTIFICATE OF ANALYSIS

Mike Gillis
ABC Board Narcotics Division
P. O. Box 531
Samson, AL 36477

CASE NUMBER: 96DD71640 SUBMITTING AGENCY CASE NUMBER: 9610901.31E

| SUSPECT(S) | RACE | SEX | BIRTH DATE | STATUS |
|---|---|---|---|---|
| Keary Glen Owens | W | M | 08/02/57 | Adult |

SERVICE REQUESTED: DRUG ANALYSES

CHAIN OF CUSTODY:

| RELINQUISHED BY | RECEIVED BY | DATE | TIME |
|---|---|---|---|
| Mike Gillis | Marc Crews | 08/13/96 | 1300 |

DESCRIPTION OF EVIDENCE:

One sealed plastic bag containing one sandwich bag containing a tan compressed material.

RESULTS OF ANALYSES: DATE(S) OF ANALYSES: 08/20/96 - 08/22/96

Laboratory analyses of the compressed material revealed the presence of dl-amphetamine. dl-amphetamine is a Schedule II controlled substance. Weight in grams is 6.342.

Sworn to and subscribed before me this the 22nd day of August, 1996 as a true and correct copy.

Marc Crews
Marc Crews
Forensic Scientist II
Analyst

Jo Ann Prescott
Jo Ann Prescott
Notary Public