UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSSETTS

Charels Randall Harrison
    Petitioner

vs.                           Civil Action No: 05-40021-MLW

David L. Winn Warden
    Respondent

## MOTION TO AMEND

    Comes now, Petitioner, Charles Randall Harrison, acting in propria persona, and in want of Counsel, and respectfully moves this Honorable Court to allow amendment of his Section 2241 petition by the addition of the proposed amendment filed with this motion.

    This motion is made pursuant to Rule 15(c) of the Federal Rules of Civil [Criminal] Procedures and included and incorporates by reference the factual allegations, the exhibits and the legal argument set forth in Petitioner's original 2241 petition currently on file with this court, as well as the authorities and argument set forth in the supporting memorandum attached hereto in that they relate back to issue II. of Petitioner's initial 2241 and arise out of the same set of facts as the claim in his initial pleading.

The respondent's have not filed a response but in fact have been granted a 30 day extention in which to respond. This is a re.a:e back amendment and concerns issue II. in Petitioner's initial 2241 and arises out of the same set of facts, so the respondent's would not be prejudiced and in fact is a jurisdictional issue. **UNITED STATES v HICKS**, 283 F.3d 387 (D.C. Cir. 2002); **UNITED STATES v. DUFFUS**, 174 F.3d :33 (3rd Cir. 1999); Cert denied, 528 U.S. 866, 120 S.Ct. 163, 145 L.E:.. 2d 138 (1999).

Petitioner moves this Honorable Court to allow amendment, because the proposed amendment is a clarification of his claim in issue II. of his initial 2241 that he is **"actually innocent"** of the underlying conviction.

Furthermore, an amendment may be made at anytime, even at the appellate level. **DUNN v. TRANSWORLD AIRLINES INC.** 589 F.2d 408 (9th Cir. 1978); **SEE ALSO: SLAUGHTER v. SOUTHERN TALC CO.**, 949 F.2d 167 (5th Cir. 1991); (leave to amend should be freely given, even after judgment.

## MEMORANDUM OF LAW RELATING TO
## PROPOSED AMENDMENT

During Petitioner's trial at the close of opening statements, the Judge, Chief Judge Roger Vinson noticed a serious error in Harrison's indictment concerning count II; **SEE EXHIBIT A.** Harrison's indictment. We will quote from the Judges own statements at trial. **SEE EXHIBIT B.** "Well the problem is it seems to have charged some strange section of Title 21 U.S.C. but not the one that seems to be the operative one. First of all section **841(b)(d) doesn't exist.** The section that is the operative part is 841(a)(1). And it doesn't seem to be charged but it seems to be a serious problem."

At this point Judge Vinson moved forward in Harrison's trial **without jurisdiction.** A Court can acquire no jurisdiction to try a person for a criminal offense unless he has been charged with the commission of the particular offense and charged in the particular form and mode required by law. **ALBRECT v. UNITED STATES**, 273 U.S. 1, 47 S.Ct. 250 (1927); Statutory authority must authorize prosecution. **KRULEWITCH v. UNITED STATES,** 69 S.Ct. 716 n.22 (1949). It is obvious from the judges own statements, Harrison, was charged to a **non-existent** offense. The indictment must be considered as a whole; **SEE: UNITED STATES v. SPINNER,** 180 F.3d at 516 (3rd Cir. 1999). Judge Vinson took a solemn oath, 28 U.S.C. 453 to uphold the United States Constitution. The indictment by Grand Jury and Due Process clauses of the Fifth Amendment are as much a part of the Constitution as any other clause.

(3)

It is also Petitoner's propositon that Count I. of the indictment is equally defective. Count I. charges a multidrug conspiracy and cites the same non-existent statute 841 (b)(D) as Count II.

therefore Harrison is **actually innocent** of the substantive offense in Count II. and possibly Count I. also. No reasonable jury could find Harriosn guilty of an offense that does not exist. SEE: **EXHIBIT A AND B**.

## CONCLUSION

Therefore the indictment against Harriosn should be dismissed with prejudice, his conviction reversed and vacated and any liabilities suffered therefrom be removed.

*Charles Randall Harrison*
Charles Randall Harrison
09856-002  Unit P-2
F.M.C. Devens
P.O.  Box 879
Ayer, Mass  01432-0879

(4)

CERTIFICATE OF SERVICE

I DID SERVEBY VIA U.S. MAIL MY MOTION TO AMEND TO THE BELOW-STATED ADDRESS. ONE COPY WAS PLACED IN THE LEGAL MAIL BOX AT F.M.C. DEVENS

DATE 10-4-2005

*Charles Harrison* (signature)

charles harrison# 09356-002
F.M.C. DEVENS
P.O. BOX 879
AYER MASS. 01432

(Exhibit A)

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.

KEARY GLENN OWENS,
SONYA MELISSA WILLIAMS, aka
    SONYA MORGAN,
CHARLES RANDALL HARRISON, aka RANDY,
and ROBERT HENLEY

_____/

SECOND
SUPERSEDING
INDICTMENT

3:96cr57RV

THE GRAND JURY CHARGES:

### COUNT I

That on or about January 1, 1994, and continuing through the date of the return of the indictment, in the Northern District of Florida and elsewhere, the defendants,

KEARY GLENN OWENS,
SONYA MELISSA WILLIAMS, aka
SONYA MORGAN,
CHARLES RANDALL HARRISON, aka RANDY, and
ROBERT HENLEY

did knowingly and willfully combine, conspire, confederate, agree, and have a tacit understanding with each other and other persons, to possess with intent to distribute the controlled substances methamphetamine and amphetamine, in violation of

OFFICE OF CLERK
U.S. DISTRICT CT.
NORTHERN DIST. FLA.
TALLAHASSEE, FLA.

95 OCT -3 AM 9:45

FILED

Title 21, United States Code, Sections 841(a)(1), (b)(1)(A)(viii) and 841(b)(D).

All in violation of Title 21, United States Code, Section 846.

## COUNT II

That on or about August 16, 1996, in the Northern District of Florida and elsewhere, the defendants,

KEARY GLENN OWENS and
SONYA MELISSA WILLIAMS, aka
SONYA MORGAN,
CHARLES RANDALL HARRISON, aka RANDY, and
ROBERT HENLEY

did knowingly and intentionally possess with intent to distribute the controlled substance amphetamine, in violation of Title 21, United States Code, Sections 841(b)(D) and 2.

## COUNT III

That on or about August 16, 1996, in the Northern District of Florida and elsewhere, the defendant,

KEARY GLENN OWENS,

did knowingly use and carry a firearm, to wit: a German make Makarov-style pistol, during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, to wit: conspiracy to possess with intent to distribute methamphetamine and amphetamine, and possession with intent to distribute amphetamine, as charged in Counts I and II of this indictment, in violation of Title 18, United States Code, Section 924(c)(1).

2

Exhibit B                                       108

1        MR. SPURLIN: We join in that motion, Your Honor.

2        THE COURT: As far as the evidence is concerned I

3  think there's more than sufficient evidence to get the case

4  to the jury on these two counts for both defendants.

5        I am concerned, however, with the charge in the second

6  superseding indictment on count two. Mr. Patterson, are you

7  familiar with what I'm referring to? Mr. Knight?

8        MR. PATTERSON: I know the count. I'm not sure I

9  know the problem.

10       THE COURT: Well, the problem is it seems to have

11 charged some strange section of Title 21 but not the one that

12 seems to be the operative one. Defense counsel, are you

13 aware of what I'm talking about?

14       MR. SPURLIN: No, sir, Your Honor.

15       THE COURT: First of all Section 841(b)(D) doesn't

16 exist. It's 841(b)(1)(D) and that's the penalty section.

17 The section that's the operative part is 841(a)(1). And it

18 doesn't seem to be charged. Apparently I haven't noticed it

19 when I took pleas with the two codefendants either, but it

20 seems to be a serious problem. We'll take that up in the

21 morning.

22    Other than that, as to the facts presented and the

23 evidence, sufficiency and all that, there's certainly grounds

24 to get the case to the jury. So the motions are denied on

25 that but I'll take it under advisement with respect to court