**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSSETTS**

| | |
|---|---|
| Charles Randall Harrison )<br>　　　　Petitioner ) | |
| ) | |
| vs. ) | Civil No: 05-4002MLW |
| ) | |
| Warden David L. Winn )<br>　　　　Respondent ) | |

**REBUTTAL TO GOVERNMENT'S MOTION**
**IN OPPOSITION TO HARRISON'S 28U.S.C. 2241**

**Comes now** Petitioner, acting in propria persona and in want of Counsel and avers as follows.

On page one and two of Miss Singh's motion in opposition she completely mistates the record. Mr. Harrison was never indicted under nor convicted under nor was the Jury in his trial ever instructed pursuant to a 21 U.S.C. §841(b)(1)(C) object offense in Count I. nor in Count II. **SEE: (EXHIBIT A+B)**

Pursuant to Federal Rules of Civil Procedures Rule 10(e) of the Rules of Appellate Procedure states in part. "If any difference arises to whether the record truly discloses what occurred in the district court, the difference **'shall'** be submitted to and settled by that Court and the record made to conform to the truth.

Therefore Petitioner Harrison respectfully moves this Honorable Court to order the government to correct the error in the brief that is filed and on record in this Honorable Court.

The government states that that Harrison is only challenging the validity of his sentence when in fact the better part of Harrison's argument goes to the underlying conviction itself. Nevertheless Harrison will deal with the issues in the order listed in the government's motion on page 4.

The priviledge of an American to file a habeas petition is embedded in our United States Constituion at Article 1 §9. The restrictions placed on habeas corpus by Congress are unconstitutional. As Congresswoman Patsy Mink stated and remarked on by Chief Judge Young of this District Court in GONZALES v. UNITED STATES, 135 F. Supp. 2d 112 footnote 12 (D. Mass. 2001). Patsy Mink stated: "I dissagree with the restrictions of habeas corpus and fully expect they will be expunged by the Courts and as unconstituional. 142 Congress Record. E645-04 E46 (April 18, 1996). It is obvious Congresswoman Patsy Mink assumed that federal judges would uphold the Constitution and not follow politically designed schemes by the Legislators not so! Read Judge Young's closing statement in footnote 12 of Gonzalez. "It is difficult to see how resentencing Gonzalez as the law requires threatens order or undermines liberty. Yet Congress has declared otherwise. Until Congress revisits AEDPA, this Court must follow the law as written by the legislatures and interpreted by the Courts". Question? Why does a Judge swear to discharge his duties agreeable to the Constitution of the United States, if it is closed upon him and cannot be inspected by him. If such be the real state of things, this is worse than Solemn mockery. To prescribe, or to take this oath, becomes equally a crime. It is also not entirely unworthy of observation

that in declaring what shall be the Supreme law of the land, the Constitution itself is first mentioned and not the laws of the United States. 28 U.S.C.§453. Thus, the particular phraseology of the Constitution of the United States confirms and strengthens the principle supposed to be essential to all written Constitutions, that a law written that is repugnant to the Constitution is void; and that Courts as well as other departments, are bound by the instrument. **MARBURY v. MADISON,** 1 C. 137, 176-79.

The First Circuit has determined that habeas corpus relief under §2241 remains available to federal prisoners. It has not resolved the scope of the savings clause **GONZALEZ**, Supra Id. 121.

To date neither the First Circuit nor the Supreme Court has provided much guidance as to the factors to be satisfied to file a §2241 petition. Without any guidance from the Courts places a heavy burden on a litigant acting in his own person to navigate through the uncalm and uncertain waters to get through the strait of the Savings Clause.

Harrison argues not only is he innocent of the underlying convictions but that he is actually innocent of the factors used to enhance his sentence. In either scenario Harrison is being held in contravention of the laws of the United States. In one scenario, Harrison is imprisoned for conduct for which he is innocent. In the other scenario, he is imprisoned longer because of conduct he is actually innocent of. In either event his liberty has been stripped.

It is Harrison's propostion that he was convicted to a non-existent offense and he is **"actually innocent"** of the crime with which he was convicted. **IN RE DAVENPORT**, 147 F.3d 605, 608 (7th Cir. 1998); **TRIESTMAN**

(3)

**v. UNITED STATES**, 124 F.3d 361, 363 (2nd cir. 1997); **WOFFORD v. SCOTT**, 177 F.3d 1236, 1243, (11th Cir. 1999).

To successfully prosecute conspiracy, the government must be able to point to two seperate provisions, one making act of conspiring a crime and one making object of conspiring a crime. U.S.C.A. Constitutional Amend 5; Comprehensive Drug Abuse Prevention and Control Act, 1970 §§406, 1031, 2 U.S.C.A. §§846, 963. 21 U.S.C. states: "Any person who attempts or conspires to commit any offense defined in this **title** is punishable by imprisonment or fine or both for the offense, the Commission of which was the object of the attempt or conspiracy".

This **Title** as used in §846 refers to the Controlled Substance Act. The provision making the act of conspiring a crime is the unlawful Act 21 U.S.C. §841(a)(1). The object offenses for conspiring are well defined in the Federal Sentencing Guidelines at 2D1.1 page 93 of the 1998-1999 edition of the Sentencing Guidelines for attempts or conspiracy; which states: "If the defendant is convicted under 21 U.S.C 841(b)(1)(A), (b)(1)(B) or (b)(1)(C) among others". It should be noted that 21 U.S.C. §841(b)(1)(D) is not listed. **SEE: EXHIBIT (B).** Harrison was charged in Count I. and Count II. to §841(b)(D) which the judge stated does not exist. Judge Vinson then amended the indictment in Count II. to (b)(1)(D). **SEE: (EXHIBIT B).**

These provisions allow imposition of prison terms and fines equal to those that can be imposed for the commission of the crimes that were the objects of the attempts or conspiracy.

(4)

Congress expressly incorporated the object of the conspiracy into the definition of the §846 violation necessarily "must" specify the threshold facts to identify the statutory penalty range under §841.

The government in Count I. properly charged the methamphetamine object of the conspiracy by charging the provision of 21 U.S.C. §841(b)(1)(A)(viii) which makes object of conspring a crime but when it charged the amphetamine object in the same count it only charged one provison §841(b)(D) which the judge in Harrison's trial stated on record does not exist. **SEE: (EXHIBIT B).**

Therefore Harrison's indictment was jurisdictionally defective, in that the language in the indictment nor the statutory citations charged did not amount to an offense. **SEE: UNITED STATES v. LONDON**, 550 F.2d 206, 211, (5th Cir. 1977). **SEE ALSO: UNITED STATES v. MEACHAM,** 626 F.2d 503 (1980).

Harrison is well aware that federal district courts of the United States have original and exclusive jurisdiction 18 U.S.C. 3231. Despite this broad grant of power that old Fifth Circuit in **UNITED STATES v. MEACHAM**, 626 F.2d 503 (5th Cir. 1980); states that a district court is without jurisdiction to act when a defendant is indicted to a non-offense. The Supreme Courts decision in **UNITED STATES v. COTTON**, 152 L.Ed 2d 860, (2002) did not overturn this decision. **SEE: UNITED STATES v. PETER**, 310 F.3d 709 (11th Cir. 2002).

The nature of the conspiracy alleged is determined from an examination of the four corners of the indictment. The precise manner in which an indictment is drawn cannot be ignored; because an important function of the indictment is to ensure that, in case any other proceedings are taken against (the defendant) for a similar offense.....the record [will] sho[w] with accuracy to what extent he may plead former acquittal or conviction.

**SANABRIA v. UNITED STATES,** 437 U.S. 54, 65-66 (1978).

The government in this case, chose to seek a Grand Jury indictment naming two specific controlled substances as objects of the conspiracy in a single count of the indictment. The government therefore cannot defend the conviction and sentence imposed on the grounds that the Jury found a broader different conspiracy to distribute controlled substances generally. **STIRONE v. UNITED STATES,** 361 U.S. 212, 218 (1960).

The government through its ability to craft indictments is the master of the scope of the charged conspiracy....having set the stage, the government must be satisfied with the limits of its own creation. **UNITED STATES v. NEOPOLITAN,** 791 F.ed 480, 501, (7th Cir. 1986); **UNITED STATES v. WEISSMAN,** 899 F.2d 1111, 1115 (11th Cir. 1990). Count II. in Harrison's indictment also charged a non-offense. The Judge in Harrison's trial after jury selection and the opening statements stopped the proceedings when he discovered what he called a **"serious problem"** in Harrisons indictment. SEE: **(EXHIBIT B LINE 20).**

The Court stated: "well the problem is it seems to have charged some strange section of Title 21, but not the one that seems to be the **operative** one. First of all Section 841 (b)(D) **"doesn't exist".** Its §841(b)(1)(D) and thats the penalty section. The section thats the **"operative"** part is 841(a)(1); And it doesn't seem to be charged". SEE; **(EXHIBIT B).**

The government in crafting the indictment failed to charged the **actus reus** element of the offense which is the wrongful deed or unlawful act. SEE: 21 U.S.C. §841(a)(1) with the **mens rea** element which is knowingly and intentionally possessing amphetamine with intent to dis-

(6)

tribute. It takes these essential two elements for every crime at Common-law.

In making the requirement of an indictment jurisdictional, Rule 7(a) Fed R. Crim. Procedures merely codifies what was always considered to be the law. Thus in **EX PARTE WILSON**, 114 U.S. 417, 429, 5 S.Ct. 935, 941, 29 L.Ed. 849 (1887); the Court stated that: "the district court in holding the Petitioner to answer for such a crime, without indictment or presentment by a Grand Jury, exceeded its juridiction and the defendant is therefore entitled to be discharged. SEE:(EXHIBIT A).

A court can aquire no jurisdiction to try a person for a criminal offense unless he has been charged with the commission of a particular offense and charged in the particular **form** and **mode** required by law. **ALBRECT v. UNITED STATES**, 336 U.S. 440 (1949).

It is Harrison's proposition that the right to be free of prosecution under an indictment that fails to charge an offense is a substantial right. Federal Rules of Criminal Procedure Rule 12(b)(2) provides that the failure of an indictment to charge an offense **shall be noticed by the Court at any time** during the pendency of the proceedings. This language requires District Courts and Appellant Courts to raise the issue **sua sponte**; **MEACHUM,** Supra, at 509.

At Harrison's initial and at his resentencing was sentenced to the statute of 841(b)(1)(C). A statute that he was never charged by the Grand Jury nor convicted of by a Petit jury. Harrison was convicted of §841(b)(1)(D) not (b)(1)(C). Neither the Court nor the U.S. Probations office can change the penalty provision after the verdict has been returned.

Neither could Harrison's counsel agree to such a change.

The maximum statutory penalty for a violation of 21 U.S.C. §841(b)(1)(D) is five years, with a possible 10 years following proper enhancement notice for a prior conviction.

It should be noted that methamphetamine and amphetamine are listed at Title 21 U.S.C. §812 at Schedule III; which would fall under 21 U.S.C. 841(b)(1)(D). **SEE: Federal Rules of Criminal Procedure, Page 1156 (2001), edition; and page 1177, (2001) edition.**

On issue (3) of the government's motion in opposition, Harrison adopts and incorporates his arguments in the amendment filed 2-25-2005, on file with this Court and adds the following.

In determining whether Harrison has met the requirements of the gatekeeping procedure at 28 U.S.C.§2241, the Court in addressing this issue would be interpreting statutes and not analyzing Constitutional claims and the remedy in §2255 would not be an effective remedy for him, therefore §2241 would be the proper vehicle.

On issue (4) Harrison adopts and incorporates his arguments and exhibits from the amendment on 4-20-2005 on file with this Court. Failure to hear this issue would be a manifest injustice.

On issue (5) as listed on page 4 of the governments motion in opposition, Harrison adopts and incorporates the 8-19-2005 amendment its arguments and exhibits and further avers as follows.

Harrison states: that **"outrageous"** conduct by the D.E.A. and the prosecution in the investigation and presentment of this case should warrant the dismissal of the prosecution in this case. **SEE: HAMPTON v. UNITED STATES,** 425 U.S. 484, 491-95, 96 S.Ct. 1646, 1650-53, 48

L.Ed.2d 113 (1976).

On August 20, 1996, D.E.A. Special agent Charles Gravat aided and abetted 18 U.S.C.§2 by Assistant United States Attorney Edwin F. Knight did take 2.75 Ibs. of amphetamine and made false declarations before a Grand Jury a felonly pursuant to 18 U.S.C. §§1503, 1623. Mrs. Ivette Vallego tested the drugs and determined on 8-20-1996 that these drugs were indeed amphetamine not methamphetamine. Charles Gravat also stated: that in the last ninety days that law inforcement had made three controlled buys of methamphetamine when the A.U.S.A. had the three lab reports in his office that determined that these drugs were DL amphetamine not methamphetamine. **SEE: (EXHIBIT C).** It should be noted that the original indictment was for methamphetamine only. Then on September 17, 1996 before the Grand Jury of the Northern District of Florida; Special agent Gravat again aided and abetted by A.U.S.A. Edwin F. Knight placed false declaration before the Grand Jury again in violation of 18 U.S.C. §§1503, 1623.

On page 3 of the September 17, 1996 Grand Jury proceedings to supersede the indictment, Mr. Gravat again called the 2.75 Ibs. **that he knew by the lab reports was amphetamine calling it methamphetamine. SEE: (EXHIBIT A).**

There comes a time when enough is more than enough, it is just to much. **WILLIAMSON v. UNITED STATES,** 311 F.2d 441, 445 (5th Cir. 1962).

The Petitioner submits that the actions of Special agent with the D.E.A. and A.U.S.A. Edwin F. Knight is just that: to much.

As Justice Brandies pointed out over three quarters of a century ago:

(9)

"Decentcy, security, and liberty alike demand that government officials shall be subjected to the same rules of conduct that are commands to the citizen. In a government of laws, existence of the government will be imperiled if it fails to observe the law scrupulously. Our Government is the potent, the omnipresent teacher. For good or ill, it teaches the whole people by its example. Crime is contagious. If the government becomes a lawbreaker, it breeds contempt for law; it invites every man to become a law unto himself; it invites anarchy. To declare in the administration of criminal law the end justifies the means--to declare that the government may commit crimes in order to secure the conviction of a private criminal---would bring terrible retribution. Against that pernicious doctrine this Court should resolutely set its face". **OLMSTEAD v. UNITED STATES**, 277 U.S. 433, 485, 48 S.Ct. 575 (1928).

It should be noted all through Harrison's trial these drugs were mischaracterized as methamphetamine. No physical evidence was ever produced or any reliable circumstantial evidence was ever produced that proved that Harrison ever possessed any drugs other than amphetamine. This deceptive manipulation of material evidence deprived Harrison of a fair trial, because failure of proof as to either methamphetamine or amphetamine would require an acquittal on Count I. **UNITED STATES v. ALLEN,** 302 F.3d 1260.

## **CONCLUSION**

For the above stated facts and arguments Harrison should be heard on the merits of his briefs and amendments anything less would be a fundamental miscarriage of justice.

                                      Respectfully submitted,

                                      */s/ Charles Randall Harrison*
                                      Charles Randall Harrison #
                                      FMC. Devens     Unit P-2
                                      P.O. Box 879
                                      Ayer, Mass 01432-0879

## CERTIFICATE OF SERVICE

    I did cause to be placed in the legal mail box at FMC. Devens, Ayer, Mass, one copy of my rebuttal to the Governments Response to my §2241 petition to the below-named address:

Sibita Singh
Assistant United States Attorney  (Special)
1 Courthouse Way, Suite 9200
Boston, Mass   02210


Dated:  January 4, 2006.

_____
Charles Randall Harrison