UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| CHARLES RANDALL HARRISON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL NO. 05-40021-MLW |
| | ) | |
| WARDEN DAVID L. WINN, | ) | |
| | ) | |
| Respondent. | ) | |

**GOVERNMENT'S OPPOSITION TO PETITION UNDER 28 U.S.C. §2241**

The United States opposes the motion of Charles Randall Harrison ("Harrison") pursuant to 28 U.S.C. §2241. Harrison's claims amount to an attack on the validity of his conviction and sentence, and therefore, the claims should have been raised pursuant to 28 U.S.C. §2255 and brought before the sentencing court in the United States District Court for the Northern District of Florida. However, Harrison cannot raise a §2255 claim at this point, because more than one year has elapsed since his conviction became final. Additionally, Harrison previously filed a motion under §2255 and has not obtained certification to pursue a "second or successive" motion. Nor has Harrison established that §2255 is "inadequate or ineffective" to test the legality of his detention. As a result, Harrison's petition should be dismissed.

**PRIOR PROCEEDINGS**

On November 7, 1996, after a jury trial in the United States District Court for the Northern District of Florida, Harrison was convicted of conspiracy to possess with intent to distribute

methamphetamine and amphetamine (count 1) in violation of 21 U.S.C. §841(a)(1), §841(b)(1)(A)(viii), 21 U.S.C. §841(b)(1)(C) and 21 U.S.C. § 846 and possession with intent to distribute amphetamine (count 2) in violation of 21 U.S.C. §841(b)(1)(C).  On January 23, 1997, United States District Court Judge Roger Vinson sentenced Harrison to 420 months imprisonment, followed by 10 years supervised release on count 1, and 360 months imprisonment, followed by 6 years supervised release on count 2, the sentence on each count to be served concurrently with the other.  See Docket from United States v. Keary Glenn Owen, et al., Northern District of Florida No. 3:96-cr-00057-RV-MD-3 ("Docket"), Entries 88 & 115.

On appeal, Harrison raised numerous issues including a challenge to an unsigned warrant and an allegedly unreasonable search, a Brady claim, a claim that the government offered perjured testimony and improperly vouched for its witnesses in its closing argument, that the court made improper statements, that cross-examination was restricted and several sentencing issues.  See Report and Recommendation by Magistrate Judge Miles Davis dated January 12, 2004 ("Report"), page 2 at Docket, Entry 299.  The Eleventh Circuit Court of Appeals affirmed Harrison's conviction on January 28, 1999.  Id.

On February 2, 2000, Harrison brought a motion to vacate under 28 U.S.C. §2255 in the United States District Court for the Northern District of Florida.  Docket, Entry 172.  He contended that counsel

was constitutionally ineffective at trial, sentencing and on appeal, that his sentence was illegally enhanced, that the court made a constructive amendment to the indictment and that he was prejudiced by substantial cumulative error; he also raised an Apprendi claim. Report, page 2. On June 5, 2001, the Court conducted an evidentiary hearing on the ineffective assistance of counsel claims. The Court determined that Harrison's counsel was ineffective in failing to request a special verdict form, distinguishing the methamphetamine allegation from the amphetamine allegation in count 1 of the indictment. As a result, on September 27, 2001, Judge Vinson granted Harrison's motion in part and denied it in part by resentencing him on count 1 to a reduced term of 360 months, consistent with a conviction on the allegation with the lower maximum term of imprisonment. Report, page 2; Docket, Entry 250.

On January 2, 2003, Harrison filed another motion to vacate under 28 U.S.C. §2255 in the United States District Court for the Northern District of Florida. Docket, Entry 279. He contended that his counsel was ineffective in the evidentiary hearing and resentencing arising out of his prior §2255 motion, that he was denied his right of allocution at his resentencing, that he was not sentenced under the proper statute for methamphetamine and amphetamine, that he should be entitled to a new appeal upon resentencing and that the jury instructions at his trial were flawed. Report, page 3. On January 27, 2004, Judge Vinson denied

Harrison's second motion under 28 U.S.C. §2255. Docket, Entry 306.

On January 26, 2005, Harrison filed this petition under 28 U.S.C. §2241 in this Court. Subsequently, Harrison filed four separate amendments to his petition.

**ARGUMENT**

I.  **Harrison's Claim Is An Attack On The Validity Of His Sentence, And Therefore Should Have Been Brought Under 28 U.S.C. §2255 And Before The Sentencing Court.**

Harrison, currently a prisoner at Federal Medical Center Devens, contends that he must be released from custody because:

> (1) all facts essential to his punishment were not found by the jury beyond a reasonable doubt as required by Apprendi v. New Jersey, 530 U.S. 466 (2000) and Blakely v. Washington, 542 U.S. 296 (2004) [Harrison's 01/26/2005 Petition];
>
> (2) he was resentenced to an offense for which he was never indicted or tried [Harrison's 01/26/2005 Petition];
>
> (3) the statute under which he was convicted is unconstitutional under Apprendi and United States v. Booker, 543 U.S. 220 (2005) [Harrison's 02/25/2005 Amendment to Petition];
>
> (4) the trial judge should have instructed the jury on simple possession of a controlled substance when the jury asked a question during deliberation [Harrison's 04/20/2005 Amendment to Petition]; and
>
> (5) the grand jury indicted based upon false and misleading evidence [Harrison's 08/19/2005 Amendment to Petition].

Thus, Harrison's complaint does not challenge the execution of his sentence; rather, it attacks the validity of his sentence.

A collateral attack on the validity of a sentence may only be brought under 28 U.S.C. §2255. See United States v. Barrett, 178 F.3d 34, 50 (1st Cir. 1999)("Federal prisoners are permitted to use §2241 to attack the execution, rather than the validity, of their sentences, and the 'inadequate or ineffective' savings clause is not applicable to such attacks since they are outside the bounds of §2255"); Calvache v. Benov, 183 F.Supp. 2d 124, 126 (D. Mass. 2001)("Typically, prisoners are permitted to use section 2241 to challenge the execution of their sentences, not the validity of their sentences").

As Harrison's claim challenges the validity of his sentence, he may not raise it through a motion under §2241. Rather, he was required to bring it under §2255 before the sentencing court. See Ojo v. INS, 106 F.3d 680, 681 (5th Cir. 1997)(errors that occurred before sentencing must be addressed in a §2255 petition filed in the sentencing court); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996) ("habeas corpus is not an additional, alternative, or supplemental remedy to the relief afforded by motion in the sentencing court under §2255). Thus, Harrison's petition should be dismissed.

**II. Harrison Is Now Procedurally Barred From Bringing His Claim Under 28 U.S.C. §2255.**

Under 28 U.S.C. §2255 ¶6(1), Harrison was required to bring his motion within one year of his judgment of conviction becoming final. Harrison's conviction was affirmed on appeal on January 28, 1999 and

made final 90 days later.  See Clay v. United States, 537 U.S. 522 (2003) (conviction final when time expires for filing petition for certiorari).  Thus, Harrison cannot utilize §2255, because more than one year has elapsed since the final adjudication of his conviction.  Therefore, Harrison was required to bring his claim within one year of final adjudication.  As he failed to do so, he is time-barred from bringing the claim now.

Additionally, Harrison has previously filed two motions under §2255.  According to 28 U.S.C. §2255 ¶8, Harrison may only bring a "second or successive" §2255 motion after having it certified, by a panel of the Court of Appeals, to contain newly discovered evidence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  Harrison did not obtain certification from the Court of Appeals.  Nor does he rely on newly discovered evidence to challenge his sentence.  Rather, he relies on the rules announced in Blakely v. Washington, 542 U.S. 296 (2004) and United States v. Booker, 543 U.S. 220 (2005).

Yet, neither Blakely nor Booker announced new rules of constitutional law made retroactive to cases on collateral review.  In Blakely, the Court made clear that it was simply applying its earlier holding in Apprendi.  See Blakely v. Washington, 542 U.S. 296, 301 (2004) ("This case requires us to apply the rule we expressed in Apprendi").  In Booker, the Court explicitly limited

the application of its holding to cases on direct, not collateral review.  See United States v. Booker, 542 U.S. 220, 124 S.Ct. 738, 769 (2005) ("we must apply today's holding . . . to all cases on direct review").  Thus, §2255 is also unavailable to Harrison.

### III. The Fact That Harrison Is Procedurally Barred From Bringing His Claim Under §2255, Does Not Make §2255 "Inadequate Or Ineffective" To Test The Legality Of His Detention.

Though prisoners may bring claims under §2241 if §2255 is "inadequate or ineffective," 28 U.S.C. §2255 ¶5, a "petition under §2255 cannot become 'inadequate or ineffective,' thus permitting the use of §2241, merely because a petitioner cannot meet the [statute's] 'second or successive' requirements."  See United States v. Barrett, 178 F.3d 34, 50 (1st Cir. 1999).  Rather, the courts have held that, in very rare circumstances involving claims of actual innocence or serious constitutional issues that, unless resolved, would lead to fundamental miscarriages of justice, this so-called "savings clause" allows a federal prisoner to proceed under §2241 rather than §2255.  Id. at 49-54.

Here, Harrison is not asserting a claim of actual innocence as he contends, nor is he raising a fundamental defect calling into question the reliability of his conviction.  His claims concerning his sentencing and various alleged trial errors are not the type of claims for which the courts have allowed prisoners to bypass §2255 in favor of §2241.  See, for example, United States v. Peterman, 249 F.3d 458, 461-462 (6th Cir. 2001) (denying relief under §2241 on a

sentencing claim that a co-defendant successfully raised on appeal); Wofford v. Scott, 177 F.3d 1236, 1245 (11th Cir. 1999) ("the only sentencing claims that may conceivably be covered by the savings clause are those based on retroactively applicable Supreme Court decisions overturning circuit precedent").

Harrison has the burden of demonstrating that §2255 is an "inadequate or ineffective" remedy. Calvache v. Benov, 183 F.Supp. 2d 124, 126 (D. Mass. 2001). He has failed to meet his burden.

## CONCLUSION

Harrison's §2241 claim is in reality a §2255 claim as he challenges the validity of his conviction and sentence. As such, he may not bring it in this Court as he was required to bring it in the sentencing court. Nor may he bring it at this time, as more than one year has elapsed since the judgment of his conviction became final. Additionally, he previously filed a §2255 claim and has not obtained certification to file a second or successive §2255 claim. Nor has he established that §2255 is an inadequate or ineffective remedy. Harrison's 28 U.S.C. §2241 petition should be dismissed.

Respectfully submitted,

MICHAEL J. SULLIVAN
UNITED STATES ATTORNEY

By: /s/ Sabita Singh
SABITA SINGH
Assistant United States Attorney
1 Courthouse Way, Suite 9200
Boston, MA 02210
Ph (617) 748-8636
Fx (617) 748-3954

8

CERTIFICATE OF SERVICE

This is to certify that I have this day served upon the person listed below a copy of the foregoing document by depositing in the United States mail a copy of same in an envelope bearing sufficient postage for delivery:

       Charles Randall Harrison
       No. 09856-002
       Federal Medical Center Devens
       P.O. Box 879
       Ayer, MA 01432

This 28th day of December, 2005.

                      /s/ Sabita Singh
                      SABITA SINGH
                      Assistant United States Attorney