```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS

CHARLES RANDALL HARRISON,     )
     Petitioner,              )
                              )
     v.                       )    C.A. No. 05-40021-MLW
                              )
DAVID L. WINN, WARDEN         )
     Respondent.              )
```

                        MEMORANDUM AND ORDER

WOLF, C.J.

Pro se petitioner Charles Harrison ("Harrison"), who is serving a 420 month sentence in Federal Medical Center Devens with 10 years of supervised release, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241 on January 26, 2005. Docket No. 1. A jury found Harrison guilty of (1) conspiracy to possess with intent to distribute methamphetamine and amphetamine and (2) possession with intent to distribute amphetamine on November 7, 1996. The Eleventh Circuit affirmed Harrison's conviction on January 28, 1999. At minimum, Harrison now seeks habeas relief on the grounds that 1) all facts essential to his punishment were not found by the jury beyond a reasonable doubt (01/26/05 Petition); 2) he was re-sentenced to an offense for which he was never indicted or tried (01/26/05 Petition); and 3) he is actually innocent of the offense charged in Count II of his indictment because the statute cited therein, 21 U.S.C. §841(b)(d),

does not exist (10/06/05 Proposed Amendment).[1]

Harrison has filed four motions to amend his petition. Docket Nos. 4, 5, 8, and 12. The first Motion to Amend was allowed "as a matter of course" under Fed.R.Civ.P. 15(a). The court allowed Harrison's second and third motions to amend by Electronic Order. Harrison's most recent Motion to Amend (Docket No. 12) is still pending before the court. On September 21, 2005, Harrison filed a Motion for Default Judgment along with a request for an evidentiary hearing. Docket No. 11. On December 28, 2005, respondent David Winn ("Winn") filed an opposition to Harrison's habeas petition (Docket No. 18), to which Harrison filed a Rebuttal on January 9, 2006 (Docket No. 17).

I.  Motion for Default Judgment

Harrison's Motion for Default pursuant to Rules 55 and 8(d) of the Federal Rules of Civil Procedure is without merit. According

---

[1] It is unclear whether Harrison seeks to include the additional claims that 1) the statute under which he was convicted is unconstitutional under Apprendi v. New Jersey, 530 U.S. 466 (2000) and United States v. Booker, 543 U.S. 220 (2005)(02/25/05 Amendment); 2) the trial judge erred by failing to instruct the jury on simple possession of a controlled substance upon the submission of a question from the jury (04/20/05 Amendment); or 3) the grand jury's indictment was based on false and misleading evidence (08/19/05 Amendment) because his pending Motion to Amend does not expressly seek to incorporate these claims. Instead, he only explicitly seeks to incorporate by reference the facts, exhibits and arguments set forth in his original petition even though Harrison's subsequent motions to amend his petition by adding more claims were granted by the court. The respondent, however, addresses these additional claims in his opposition.

to Rule 55, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Fed.R.Civ.P. 55.  Rule 8(d) provides, in relevant part, that "[a]verments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading."  Fed.R.Civ.P. 8(d).

In this case, Harrison argues that Winn procedurally defaulted by failing to file an answer or other responsive pleading to Harrison's petition by August 25, 2005 as required by the court's August 5, 2005 Order.  As a result of Winn's noncompliance, Harrison contends that his habeas claims should be admitted as true.

Default judgment is not warranted, however, because the court entered several Electronic Orders allowing Winn successive extensions of time to file a response to Harrison's habeas claims. The final Electronic Order required Winn to file a response by December 28, 2005. Winn complied with this Order by submitting an opposition to Harrison's habeas petition by the designated deadline.  Accordingly, Harrison's Motion for Default Judgment is being denied.

II.  Motion to Amend

Harrison's fourth Motion to Amend is being allowed.  It is well established that leave to amend should be "freely given" unless the proposed amendment would be futile, prejudicial to the opposing party, or result in undue or intended delay.  <u>Resolution Trust Corp. v. Gold</u>, 30 F.3d 251, 253 (1st Cir. 1994).

In this case, Harrison's Motion to Amend seeks to add the additional habeas claim that Harrison is actually innocent of the offense charged in Count II of his indictment because the statute cited therein, 21 U.S.C. §841(b)(d), does not exist.  This motion is unopposed by the respondent and was filed over two months before Winn submitted a responsive pleading.  As a result, there are no reasons to believe that this motion is prejudicial or that it will result in undue or intended delay.  In addition, it does not appear to be clearly futile.  Accordingly, Harrison's Motion to Amend is being allowed.

Although Harrison has moved to amend his petition, he has failed to file an amended petition with the court.  An amended complaint would be helpful to clarify which claims Harrison intends to assert and which ones, if any, he has withdrawn.

Based on the foregoing, it is hereby ORDERED that:

1.  The petitioner's Request for an Evidentiary Hearing (Docket No. 11) is DENIED.

2.  The petitioner's Motion for Default Judgment (Docket No.

11) is DENIED.

    3.    The petitioner's Motion to Amend (Docket No. 12) is ALLOWED.  The petitioner shall, within thirty (30) days of this Order, file one comprehensive, amended petition that asserts all of the court-approved claims that the petitioner wishes to present. The respondent shall, within fourteen (14) days of the filing of the comprehensive, amended petition, file a revised responsive pleading addressing these claims.


 August 1, 2006                      /s/ MARK L. WOLF
DATE                              UNITED STATES DISTRICT JUDGE