UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| CHARLES RANDALL HARRISON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL NO. 05-40021-MLW |
| | ) | |
| WARDEN DAVID L. WINN, | ) | |
| | ) | |
| Respondent. | ) | |

## GOVERNMENT'S OPPOSITION TO PETITIONER'S AMENDED COMPLAINT

The Government opposes the amended complaint of Charles Randall Harrison ("Harrison") pursuant to 28 U.S.C. §2241. Harrison's claims amount to an attack on the validity of his conviction and sentence, and therefore, the claims should have been raised pursuant to 28 U.S.C. §2255 and brought before the sentencing court in the United States District Court for the Northern District of Florida. However, Harrison cannot raise a §2255 claim at this point, because more than one year has elapsed since his conviction became final. Additionally, Harrison previously filed a motion under §2255 and has not obtained certification to pursue a "second or successive" motion. Nor has Harrison established that §2255 is "inadequate or ineffective" to test the legality of his detention. His claim of "actual innocence" due to statutory citation errors in the indictment is without merit. As a result, Harrison's petition should be dismissed.

## PRIOR PROCEEDINGS

On November 7, 1996, after a jury trial in the United States District Court for the Northern District of Florida, Harrison was convicted of conspiracy to possess with intent to distribute methamphetamine and amphetamine (count 1) in violation of 21 U.S.C. §841(a)(1)(offense of distribution of controlled substance), §841(b)(1)(A)(viii)(penalty provision for methamphetamine distribution), 21 U.S.C. §841(b)(1)(C)(penalty provision for amphetamine distribution) and 21 U.S.C. § 846 (conspiracy) and possession with intent to distribute amphetamine (count 2) in violation of 21 U.S.C. §841(a)(1)(offense of distribution of controlled substance) and 21 U.S.C. §841(b)(1)(C)(penalty provision of amphetamine distribution).

On January 23, 1997, United States District Court Judge Roger Vinson sentenced Harrison to 420 months imprisonment, followed by 10 years supervised release on count 1, and 360 months imprisonment, followed by 6 years supervised release on count 2, the sentence on each count to be served concurrently with the other. See Docket from United States v. Keary Glenn Owen, et al., Northern District of Florida No. 3:96-cr-00057-RV-MD-3 ("Docket"), Entries 88 & 115.

On appeal, Harrison raised numerous issues including a challenge to an unsigned warrant and an allegedly unreasonable search, a Brady claim, a claim that the government offered perjured testimony and improperly vouched for its witnesses in its closing

2

argument, that the court made improper statements, that cross-examination was restricted and several sentencing issues. See Report and Recommendation by Magistrate Judge Miles Davis dated January 12, 2004 ("Report"), page 2 at Docket, Entry 299. The Eleventh Circuit Court of Appeals affirmed Harrison's conviction on January 28, 1999. Id.

On February 2, 2000, Harrison brought a motion to vacate under 28 U.S.C. §2255 in the United States District Court for the Northern District of Florida. Docket, Entry 172. He contended that counsel was constitutionally ineffective at trial, sentencing and on appeal, that his sentence was illegally enhanced, that the court made a constructive amendment to the indictment and that he was prejudiced by substantial cumulative error; he also raised an Apprendi claim. Report, page 2. On June 5, 2001, the Court conducted an evidentiary hearing on the ineffective assistance of counsel claims. The Court determined that Harrison's counsel was ineffective in failing to request a special verdict form, distinguishing the methamphetamine allegation from the amphetamine allegation in count 1 of the indictment. As a result, on September 27, 2001, Judge Vinson granted Harrison's motion in part and denied it in part by resentencing him on count 1 to a reduced term of 360 months, consistent with a conviction on the allegation with the lower maximum term of imprisonment. Report, page 2; Docket, Entry 250.

On January 2, 2003, Harrison filed another motion to vacate under 28 U.S.C. §2255 in the United States District Court for the Northern District of Florida. Docket, Entry 279. He contended that his counsel was ineffective in the evidentiary hearing and resentencing arising out of his prior §2255 motion, that he was denied his right of allocution at his resentencing, that he was not sentenced under the proper statute for methamphetamine and amphetamine distribution, that he should be entitled to a new appeal upon resentencing and that the jury instructions at his trial were flawed. Report, page 3. On January 27, 2004, Judge Vinson denied Harrison's second motion under 28 U.S.C. §2255. Docket, Entry 306.

On January 26, 2005, Harrison filed a petition under 28 U.S.C. §2241 in this Court. Subsequently, Harrison filed four separate amendments to his petition. After three of the amendments were allowed, the Government filed an opposition to the petition as amended. On August 1, 2006, this Court allowed Harrison's fourth amendment to the petition. Additionally, this Court ordered Harrison to "file one comprehensive, amended petition that asserts all of the court-approved claims" that Harrison wanted to present and the Government to file a revised responsive pleading addressing these claims.

**ARGUMENT**

**I.   Harrison's Claim Is An Attack On The Validity Of His Sentence, And Therefore Should Have Been Brought Under 28 U.S.C. §2255 And Before The Sentencing Court.**

Harrison, currently a prisoner at Federal Medical Center Devens, contends that he must be released from custody because:

> (1) the indictment charging conspiracy to distribute methamphetamine and amphetamine and distribution of amphetamine failed to cite the correct statutory provisions for those offenses [Amended Complaint at 1-8];
>
> (2) the prosecutor presented false evidence and perjured testimony to the grand jury and committed other prosecutorial misconduct during the course of trial [Amended Complaint at 8-12]; and
>
> (3) the judge failed to instruct the jury properly [Amended Complaint at 12-15].

Thus, Harrison's complaint does not challenge the execution of his sentence; rather, it attacks the validity of his sentence.

A collateral attack on the validity of a sentence may only be brought under 28 U.S.C. §2255. See United States v. Barrett, 178 F.3d 34, 50 (1st Cir. 1999) ("Federal prisoners are permitted to use §2241 to attack the execution, rather than the validity, of their sentences, and the 'inadequate or ineffective' savings clause is not applicable to such attacks since they are outside the bounds of §2255"); Calvache v. Benov, 183 F.Supp. 2d 124, 126 (D. Mass. 2001)("Typically, prisoners are permitted to use section 2241 to challenge the execution of their sentences, not the validity of their sentences").

5

As Harrison's claim challenges the validity of his sentence, he may not raise it through a motion under §2241. Rather, he was required to bring it under §2255 before the sentencing court. See Ojo v. INS, 106 F.3d 680, 681 (5th Cir. 1997)(errors that occurred before sentencing must be addressed in a §2255 petition filed in the sentencing court); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996) ("habeas corpus is not an additional, alternative, or supplemental remedy to the relief afforded by motion in the sentencing court under §2255). Thus, Harrison's petition should be dismissed.

## II. Harrison Is Now Procedurally Barred From Bringing His Claim Under 28 U.S.C. §2255.

Under 28 U.S.C. §2255 ¶6(1), Harrison was required to bring his motion within one year of his judgment of conviction becoming final. Harrison's conviction was affirmed on appeal on January 28, 1999 and made final 90 days later. See Clay v. United States, 537 U.S. 522 (2003) (conviction final when time expires for filing petition for certiorari). Thus, Harrison cannot utilize §2255, because more than one year has elapsed since the final adjudication of his conviction. Therefore, Harrison was required to bring his claim within one year of final adjudication. As he failed to do so, he is time-barred from bringing the claim now.

The fact that Harrison characterizes his claim as one involving "actual innocence" [Amended Complaint at 15-16] does nothing to provide him with an exception to the time limitations:

6

> In general, defendants who may be innocent are
> constrained by the same explicit statutory or rule-based
> deadlines as those against whom the evidence is
> overwhelming; pre-trial motions must be filed on time,
> timely appeals must be lodged, and habeas claims must
> conform to AEDPA.  In particular, the statutory one-year
> limit on filing initial habeas petitions is not mitigated
> by any statutory exception for actual innocence . . . .

David v. Hall, 318 F.3d 343, 347 (1st Cir. 2003).  This is not a case
where the facts underlying the claim of actual innocence were
unavailable until the habeas petition deadline had passed.  The
facts underlying Harrison's claim of actual innocence were apparent
to him at the time of trial when the judge raised the issue of the
errors in the indictment.  See id. (defendant's claim of actual
innocence arising out of plea colloquy rejected as untimely where
defendant was aware of issue at time of colloquy yet failed to raise
claim within one year time limitation).

     Additionally, Harrison has previously filed two motions under
§2255.  According to 28 U.S.C. §2255 ¶8, Harrison may only bring a
"second or successive" §2255 motion after having it certified, by a
panel of the Court of Appeals, to contain newly discovered evidence
or "a new rule of constitutional law, made retroactive to cases on
collateral review by the Supreme Court, that was previously
unavailable."  Harrison did not obtain certification from the Court
of Appeals.  Nor does he rely on newly discovered evidence to
challenge his sentence.  Rather, he relies on the rules announced in
Blakely v. Washington, 542 U.S. 296 (2004) and United States v.
Booker, 543 U.S. 220 (2005).

Yet, neither <u>Blakely</u> nor <u>Booker</u> announced new rules of constitutional law made retroactive to cases on collateral review. In <u>Blakely</u>, the Court made clear that it was simply applying its earlier holding in <u>Apprendi</u>. See <u>Blakely</u> v. <u>Washington</u>, 542 U.S. 296, 301 (2004) ("This case requires us to apply the rule we expressed in <u>Apprendi</u>"). In <u>Booker</u>, the Court explicitly limited the application of its holding to cases on direct, not collateral review. See <u>United States</u> v. <u>Booker</u>, 542 U.S. 220, 124 S.Ct. 738, 769 (2005) ("we must apply today's holding . . . to all cases on direct review"). Thus, §2255 is also unavailable to Harrison.

**III. The Fact That Harrison Is Procedurally Barred From Bringing His Claim Under §2255, Does Not Make §2255 "Inadequate Or Ineffective" To Test The Legality Of His Detention.**

Though prisoners may bring claims under §2241 if §2255 is "inadequate or ineffective," 28 U.S.C. §2255 ¶5, a "petition under §2255 cannot become 'inadequate or ineffective,' thus permitting the use of §2241, merely because a petitioner cannot meet the [statute's] 'second or successive' requirements." <u>See</u> <u>United States</u> v. <u>Barrett</u>, 178 F.3d 34, 50 (1st Cir. 1999). Rather, the courts have held that, in very rare circumstances involving claims of actual innocence or serious constitutional issues that, unless resolved, would lead to fundamental miscarriages of justice, this so-called "savings clause" allows a federal prisoner to proceed under §2241 rather than §2255. <u>Id.</u> at 49-54.

8

Harrison's claims concerning prosecutorial misconduct and errors in the indictment and jury instructions are not the type of claims for which the courts have allowed prisoners to bypass §2255 in favor of §2241. See, for example, United States v. Peterman, 249 F.3d 458, 461-462 (6th Cir. 2001) (denying relief under §2241 on a sentencing claim that a co-defendant successfully raised on appeal); Wofford v. Scott, 177 F.3d 1236, 1245 (11th Cir. 1999) ("the only sentencing claims that may conceivably be covered by the savings clause are those based on retroactively applicable Supreme Court decisions overturning circuit precedent"). Harrison has the burden of demonstrating that §2255 is an "inadequate or ineffective" remedy. Calvache v. Benov, 183 F.Supp. 2d 124, 126 (D. Mass. 2001). He has failed to meet his burden.

## IV. Harrison Has Failed To Establish A Claim Of "Actual Innocence," Allowing Him to Proceed Under §2241.

Harrison contends nevertheless that he should be able to proceed under §2241 because he is raising a claim of "actual innocence." According to his argument, the errors existing in the indictment meant that he was charged with nonexistent crimes, such that the Court had no jurisdiction to try him and therefore he must be actually innocent of the crimes charged.

A claim of actual innocence requires a showing of "factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998). The actual innocence exception is a matter of equitable discretion which is invoked only in the

9

extraordinary case where a petitioner is truly deserving of relief from a fundamentally unjust incarceration. <u>Schlup</u> v. <u>Delo</u>, 513 U.S. 298, 320-321 (1995). Here, Harrison has made no showing of factual innocence; he has only asserted legal insufficiency.

Contrary to Harrison's contention, the errors in the indictment did not create a jurisdictional defect; nor did it raise a serious constitutional issue leading to a fundamental miscarriage of justice. Count 1 of the indictment charged that Harrison (and others) did "knowingly and willfully combine, conspire, confederate, agree, and have a tacit understanding with each other and other persons, to possess with intent to distribute the controlled substances methamphetamine and amphetamine . . . ." Count 2 of the indictment charged that Harrison (and others) did "knowingly and intentionally possess with intent to distribute the controlled substance amphetamine . . . ." Thus, the indictment plainly put Harrison on notice that he was being charged with the offenses of conspiracy to possess with intent to distribute a controlled substance, specifically methamphetamine and amphetamine, and possession with intent to distribute a controlled substance, specifically amphetamine.

The fact that the statutory provisions relating to each offense was miscited did not create a jurisdiction defect or a constitutional issue. Under Fed.R.Crim.P. 7(c)(3), "'[e]rror in the citation or its omission shall not be ground for dismissal of the

10

indictment or information or for reversal of a conviction if the error or omission did not mislead the defendant to the defendant's prejudice." <u>See</u> <u>United States v. Isabel</u>, 945 F.2d 1193, 1196-1198 (1st Cir. 1991), citing <u>United States v. Morrison</u>, 531 F.2d 1089, 1094 (1st Cir. 1976) (defendant not prejudiced by government's failure to cite to correct statute where text of indictment provided adequate notice of charge). Thus, Harrison's actual innocence claim is without merit.

## CONCLUSION

Harrison's §2241 claim is in reality a §2255 claim as he challenges the validity of his conviction and sentence. As such, he may not bring it in this Court as he was required to bring it in the sentencing court. Nor may he bring it at this time, as more than one year has elapsed since the judgment of his conviction became final. Additionally, he previously filed a §2255 claim and has not obtained certification to file a second or successive §2255 claim. Nor has he established that §2255 is an inadequate or ineffective remedy. His claim of "actual innocence" is without merit. Harrison's 28 U.S.C. §2241 petition should be dismissed.

Respectfully submitted,

MICHAEL J. SULLIVAN
UNITED STATES ATTORNEY

By:  /s/ Sabita Singh
Sabita Singh, AUSA
1 Courthouse Way, Suite 9200
Boston, MA 02210
Ph (617) 748-3686

11

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on September 13, 2006, specifically to the following:

Charles Randall Harrison, <u>Pro</u> <u>Se</u>
No. 09856-002, Unit P-3
P.O. Box 879
Federal Medical Center Devens
Ayer, MA 01432


<u>/s/ Sabita Singh</u>
Sabita Singh, AUSA