UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CHARLES RANDALL HARRISON,

    PETITIONER,

-VS-

DAVID L. WINN, (WARDEN),

    RESPONDENT.

CIVIL NO: 05-40021-MLW

**PETITIONER'S REBUTTAL TO GOVERNMENT'S MOTION IN
OPPOSITION TO PETITIONER'S AMENDED COMPLAINT**

Comes now, Charles Randall Harrison, hereafter known as (petitioner), acting in propria persona, and in want of counsel, and hereby rebuts the government's motion in opposition.

On page-2 of the AUSA's motion, once again the AUSA misstates the facts and the record of this case. The judge in petitioner's trial instructed the jury that they had to find petitioner guilty of the charges in the indictment. Petitioner's indictment does not charge him with nor was the jury instructed that the (penalty provision for the Amphetamine distribution) was for 21 U.S.C. §841 (b) (1) (c) but charged a violation of §841 (b) (D) and likewise Count II did not charge the (b) (1) (c) but 841 (b) (D). See (exhibit "A").

At no time was petitioner ever charged or indicted to §841 (b) (1) (c), nor was petitioner's jury instructed on the 841 (b) (1) (c) offense.

Federal Rules of Criminal Procedure, Rule 10 (e) states that the record can be modified to conform to the truth. Petitioner moves this Honorable Court to constrain the AUSA to change her brief to conform to the truth in this matter pursuant to Rule 10 (e) Fed. R. Crim. Proc.

Congress expressly incorporated the "object" of the conspiracy into the definition of §846 and the violation "must" specify the threshold facts to identify the statutory penalty range under §841. So the government's reliance on Rule 7 (c) (3) Fed. R. Crim. Proc. is misplaced.

To successfully prosecute conspiracy, the government "must" be able to point to two (2) separate provisions, one making act of conspiracy a crime, and one making object of conspiracy a crime. U.S.C.A. Constitution Amendment 5; Comprehensive Drug Abuse Prevention and Control Act of 1970, §§406, 1013, 21 U.S.C.A. §846. See: **United States -vs- Meachum**, 626 F. 2d 503, (5th Cir. 1980) Headnote 1.

To successfully charge a conspiracy the government must charge the proper penalty section that was the "object" of the conspiracy. Petitioner was prejudiced in case, in any other pleadings petitioner could not plead former conviction. **Sanibria -vs- United States**, 937 U.S. 54, 65-66 (1978). According to the AUSA the government could charge petitioner with a §841 (a) (1) conspiracy and then after conviction determine what was the "object" of the conspiracy.

The government in the instant matter, chose to seek a grand jury indictment naming two (2) controlled substances as the "objects" of the conspiracy in a single count of the indictment, Count I.

The government therefore cannot defend the conviction and sentence imposed on the grounds that the jury found a broader different conspiracy to distribute controlled substances generally. **Stirone -vs- United States, 361 U.S. 221, 218 (1960).**

The Supreme Court has "repeatedly noted at common law, res judicata did not attach to a court's denial of hebeas relief." **Schulp -vs- Delo, 130 L. Ed. 2d 808, 829 (1998),** (citations omitted).

"Instead, a renewed application could be made to every other judge or court in the realm, and each court or judge was bound to consider the question of the prisoner's right to a discharge independantly, and not be influenced by previous decisions refusing discharge." Id. [A] prisoner retains an overriding interest in obtaining his release from custody if he is innocent of the charges for which he is incarcerated. Id 832 **(citation omitted).**

Other circuits have indicated that a defendant may invoke the "saving clause" where the constitution demands it or otherwise Congress would violate the "suspension clause" by imposing a conviction or sentence without allowing for section 2241 relief.

-3-

See: **In re Davenport**, 147 F. 3d <u>at</u> 609. "Noting that section 2241 relief may be available to challenge a conviction or sentence in order that the prisoner cannot complain that the limitation in [Section] 2255 suspended petitioner's right to "due process" to be allowed to seek habeas corpus. See: **Swain -vs- Pressly**, 430 U.S. 372, 97 S. Ct. 1224, 1229-30, 51 L. Ed. 2d 411 (1977).

Other circuits also indicating that a prisoner barred from fling a "second or successive" 2255 motion may be able to challenge his conviction via section 2241 if he makes a valid claim of actual innocence. Petitioner has made a valid claim that he is indeed factually innocent of the "Methamphetamine object" of the conspiracy in Count I. See amended complaint pages 8-12.

The government never produced one (1) gram of Methamphetamine in petitioner's trial or at sentencing, nor any reliable circumstantial evidence that petitioner or any of his co-defendants possessed or distributed any Methamphetamine. The government's failure of proof as to either Methamphetamine or Amphetamine would have required the jury to acquit petitioner. See: **United States -vs- Allen**, 302 F. 3d <u>at</u> 1260.

The deceptive manipulation of the evidence and the facts by the prosecution and the DEA in this case deprived petitioner of a fair trial. See: Amended complaint pages 8-12. Petitioner has made a valid "actual innocence" claim. See: **Cooper -vs United States**, 199 F. 3d 898, 901 (7th Cir. 1999).

See also **Charles, 180 F. 3d at 757.** "Noting the possibility that a claim of "actual innocence" might permit a petitioner under certain circumstances to utilize section 2241, as a means or circumventing [Section] 2255's restrictions on the filing of second or successive habeas petitions." To deny petitioner's section 2241 would deprive him of a judicial forum and what **In re Davenport** calls the "essential function" of habeas relief. Any challenge to petitioner's constitutional challenges pretrial or on appeal were due to ineffective assistance of counsel. See: **Murray -vs- Carrier, 477 U.S. 120 L. Ed. 2d 269 (1986)** "procedural default not attributed to petitioner when result of ineffectiveness."

It is petitioner's proposition that "due process" would not allow the government to keep an innocent man in prison.

The Second Circuit has recognized that the A.E.D.P.A. applies to petitions brought under post-conviction statutes, 28 U.S.C. §2254 and §2255, but not to petitions brought under the traditional habeas statute section 2241. See: **Public Law No: 104-132, 110 stat. 1214 (1996).** A.E.D.P.A. does not define what constitutes a "second or successive" petition. Courts have uniformly rejected a literal reading of section 2244, concluding that a numerically second petition does not necessarily constitute a "second" petition for the purposes of A.E.D.P.A. See: **United States -vs- Barrett, 178 F. 3d at 34, 42-44 (1st Cir. 1999).** To interpret the term "second or successive" courts look to Pre-A.E.D.P.A. Abuse-of-Writ doctrine.

See: **Martinez Villareal**, 523 U.S. at 643-45, 118 S. Ct. 1618; **Muniz -vs- United States**, 236 F. 3d 122, 127 (2nd Cir. 2001). (per curiam).

This court by construing the habeas preserving paragraph of Section 2255 to provide that habeas corpus remains available to federal prisoners when Section 2255 is not available and when failure to allow some form of collateral review would raise serious constitutional questions, this court should do just that. Failure to grant petitioner a judicial forum in the instant case would raise serious due process questions, allowing the government to keep an innocent man in prison. **Treistman -vs- U.S.**, 125 F. 3d at 377 (2nd Cir. 1997).

The Second Circuit stated "we believe that this interpretation is both the best and the most restained way to give meaning to the words 'inadequate or ineffective' to test the legality of [the prisoners] detention." **Triestman supra at** 377.

## CONCLUSION

Therefore, petitioner should be allowed to move forward with his petition, because petitioner's continued imprisonment would violate the constitution because he is actually and factually innocent of the conspiracy charge against him.

                      Respectfully submitetd,

                      *[signature]*
                      Charles R. Harrison
                      09856-002  Unit P-2
                      Post Office Box 879
                      Ayer, MA  01432-0879

OCT 3 '96 14:08
OCT. 3.1996 10:57AM

(Exhibit A)

NO. 439  PAGE.002

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.                                              SECOND
                                                SUPERSEDING
            9-16-57                             INDICTMENT
KEARY GLENN OWENS, 420 82 5972
SONYA MELISSA WILLIAMS, aka              3:96cr57RV
    SONYA MORGAN,
CHARLES RANDALL HARRISON, aka RANDY,
and ROBERT HENLEY

_____/

THE GRAND JURY CHARGES:

COUNT I

That on or about January 1, 1994, and continuing through the date of the return of the indictment, in the Northern District of Florida and elsewhere, the defendants,

KEARY GLENN OWENS,
SONYA MELISSA WILLIAMS, aka
    SONYA MORGAN,
CHARLES RANDALL HARRISON, aka RANDY, and
ROBERT HENLEY

did knowingly and willfully combine, conspire, confederate, agree, and have a tacit understanding with each other and other persons, to possess with intent to distribute the controlled substances methamphetamine and amphetamine, in violation of

OFFICE OF CLERK
U.S. DISTRICT CT.
NORTHERN DIST. FLA.
TALLAHASSEE, FLA.

96 OCT -3 AM 9: 45

FILED

Title 21, United States Code, Sections 841(a)(1), (b)(1)(A)(viii) and 841(b)(D).

All in violation of Title 21, United States Code, Section 846.

## COUNT II

That on or about August 16, 1996, in the Northern District of Florida and elsewhere, the defendants,

KEARY GLENN OWENS and
SONYA MELISSA WILLIAMS, aka
SONYA MORGAN,
CHARLES RANDALL HARRISON, aka RANDY, and
ROBERT HENLEY

did knowingly and intentionally possess with intent to distribute the controlled substance amphetamine, in violation of Title 21, United States Code, Sections 841(b)(D) and 2.

## COUNT III

That on or about August 16, 1996, in the Northern District of Florida and elsewhere, the defendant,

KEARY GLENN OWENS,

did knowingly use and carry a firearm, to wit: a German make Makarov-style pistol, during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, to wit: conspiracy to possess with intent to distribute methamphetamine and amphetamine, and possession with intent to distribute amphetamine, as charged in Counts I and II of this indictment, in violation of Title 18, United States Code, Section 924(c)(1).

2