UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHARLES RANDLL HARRISON,<br><br>PETITIONER,<br><br>-VS-<br><br>WARDEN DAVID L. WINN,<br><br>RESPONDENT. | 2007 JAN 31  A 11: 46<br>CIVIL NO: 05-40021-MLW<br>U.S. DISTRICT COURT<br>DISTRICT OF MASS.<br>CRIM NO: 3:96-CR-57-RV |

**MOTION TO SUPPLEMENT 28 U.S.C. SECTION 2241**

Rule 15(d) of the Federal Rules of Civil Procedures, permits "the party to submit a supplemental pleading setting forth transactions or occurences, or events which have happened since the date of the pleading sought to be supplemented."

After the original filing of petitioner's § 2241 the Supreme Court decided the case of (John Cunningham -vs- California, No: 05-6551), where the court established that the statutory maximum for sentencing purposes was the jury's verdict as established by the Bright line Rule established by the Supreme Court in **Apprendi**, which was applied in **Ring**, **Blakely**, and **Booker** and now in **Cunningham**.

The petitioner in the instant pleading preserved and argued the Sixth Amendment violation of his jury trial right at his original sentencing on January 23, 1997, and raised the **Apprendi** issue at the evidentiary hearing that was ordered on June 5, 2001, as a result of a successful § 2255 challenge. See (exhibit A and B).

-1-

Petitioner was resentenced in 2001 as a result of his successful § 2255 motion. See (exhibit C).

**Apprendi**, said that "any fact extending the defendant's sentence beyond the maximum authorized by the jury's verdict would have been considered an element of an aggravated crime--and thus the domain of the jury--by those who framed the Bill of Rights." The court in **Cunningham** went on to states: We have since reaffirmed the rule of **Apprendi**, applying it to facts subjecting a defendant to the death penalty." **Ring -vs- Arizona**, 536 U.S. 584, 602, 609 (2002): "facts permitting a sentence in the excess of the 'Standard range' under Washington's sentencing reform act." **Blakely -vs- Washington**, 542 U.S. 296, 304-305, (2004); and "facts triggering a sentence range elevation under the then mandatory Federal Sentencing Guidelines." **United States -vs- Booker**, 543 U.S. 220, 243-244 (2005). The **Cunningham** court stated: "**Blakely** and **Booker** bear most closely on the question presented in this case."

The Supreme Court in **United States -vs- Johnson**, 457 U.S. 537, 73 L.Ed.2d 202, 102 S.Ct. 2579 (1982); set forth the proper test in determining retrospective application of a case. "First, when a decision of this court merely has applied settled precedents to new and different factual situations, no real question has arisen as to whether the later decision should apply retrospectively. In such cases, it has been a foregone conclusion that the rule of the later case applies in earlier cases, because the later case has not in fact altered that rule in any material way."

-2-

See e.g. **Dunaway -vs- New York**, 442 U.S. 200, 206, 60 L.Ed.2d 824, 99 S.Ct. 2248 (1979); (reviewing application of the rule in **Brown -vs- Illinois**, 442 U.S. 590, 45 L.Ed.2d 416, 95 S.Ct. 2254 (1975); **Spinelli -vs- United States**, 393 U.S. 410, 412, 21 L.Ed.2d 637, 89 S.Ct. 584 (1969) (further explicating the principals of **Aguilar -vs- Texas**, 378 U.S. 108, 12 L.Ed.2d 723, 84 S.Ct. 1509 (1964).

Petitioner moves this Honorable Court to apply the Bright line Rule announced in **Apprendi** retroactively to his case. In petitioner's trial the jury made no specific findings relating to drug quantity and type. Petitioner was also enhanced by the judge by preponderance of the evidence 2 levels for being a supervisor or manager, 2 levels for obstruction of justice, 2 levels for firearm possession and for possessing and distributing 16.3 kilograms of methamphetamine all found by the judge after jury trial.

Petitioner was sentenced pursuant to the mandatory Federal Sentencing Guidelines, all in violation of **Apprendi** and **Blakely**.

Petitioner's jury verdict was a general verdict of an undetermined amount of methamphetamine. Petitioner's sentence according to the jury verdict, "less than 2.5 grams of methamphetamine or less than 500 miligrams of methamphetamine (actual) or less 500 miligrams Ice" which would be level (12) at 2D1.1 Federal Sentencing Guidelines at Category II would produce a sentence of 12-18 months. Petitioner is now serving his 12th year of incarceration.

## CONCLUSION

There is no basis for this court not to apply the Rule first announced in **Apprendi**, reaffirmed in **Ring** reaffirmed in **Blakely** and reaffirmed in **Cunningham** to petitioner's case and grant him immediate release.

Respectfully submitted,

Charles R. Harrison
09856-002   P-Unit
FMC Devens
P.O. Box 879
Ayer, MA   01432-0879

## CERTIFICATE OF SERVICES

I do certify that I did place in the hands of prison authorities one (1) copy of my supplemental pleading to his § 2241 to the below stated address to be placed in the U.S. Mail service:

Sabita Singh
Assistant U.S. Attorney
One Courthouse Way, Suite 9200
Boston, MA   02210

Respectfully,

Charles R. Harrison

(Exhibit A)

1

```
 1                IN THE UNITED STATES DISTRICT COURT
 2              FOR THE NORTHERN DISTRICT OF FLORIDA
 3                         PENSACOLA DIVISION
 4
     UNITED STATES OF AMERICA
 5
     vs.                              Case Number 3:96cr57
 6
     CHARLES RANDALL HARRISON,
 7
          Defendant.
 8
     ====================================
 9
                              SENTENCING
10
                         Before:  Hon. Roger Vinson
11                                U.S. District Court
                                  Pensacola, Florida
12                                January 23, 1997

13   APPEARANCES:   Mr. Edwin F. Knight
                    Assistant United States Attorney
14                  Pensacola, Florida
                    Appearing on behalf of the government.
15
                    Mr. Richard J. Spurlin
16                  Mr. Jackson W. Stokes
                    Attorneys at Law
17                  Elba, Alabama
                    Appearing on behalf of
18                  Charles Randall Harrison.

19

20

21

22

23

24

25
```

135

1   Owens was a charged coconspirator, he possessed guns during
2   the course of the conspiracy.  It's certainly reasonably
3   foreseeable, given the amount of money that was involved and
4   drugs that were involved, that firearms would be used during
5   the course of the conspiracy.
6           THE COURT:  Well, not only were they used but they
7   were used and undoubtedly Mr. Harrison was fully aware they
8   were being used even in the absence of any proof that he used
9   them directly, personally.  So that's certainly within the
10  adjustment under the Otero guideline and under guideline
11  2D1.1(b)(1), so that objection is overruled.
12          MR. SPURLIN:  Then we just renew our factual
13  objections as stated in the written objection, Your Honor.
14          THE COURT:  Well, if you have an objection you want
15  to preserve for appeal you need to bring it to my attention
16  right now.  The Eleventh Circuit's Jones procedure requires
17  you to make sure all of these are clearly raised and are a
18  matter of record, Mr. Spurlin, so I can't rule on it unless
19  you bring it to my attention.
20          MR. SPURLIN:  Well, I would say a global objection,
21  and I know the guidelines provide otherwise.  The defendant
22  is going to object to use of any information outside the
23  trial transcript because it is our position that that is
24  violative of the Sixth Amendment guarantee to confront those
25  witnesses against one.  If the court can utilize any

1  material, any information outside a trial for the purposes of
2  sentencing I respectfully submit there's not much use in a
3  trial.
4     It's really within the purview of the finder of fact, the
5  jury, to determine what the culpable conduct of the defendant
6  was. And that culpable conduct as determined by the jury
7  should be the sole source of sentencing.
8     THE COURT: Well, if it's relevant conduct, relevant
9  conduct is expressly required to be included under the
10 guidelines. And any relevant conduct, assuming it meets the
11 preponderance of the evidence standard, can be considered.
12 Overruled.
13    MR. SPURLIN: And I would object to the use of the
14 drug methamphetamine in paragraph ten, eleven, twelve,
15 thirteen, fourteen, fifteen, sixteen, seventeen, eighteen. I
16 believe it also appears in nineteen, twenty, twenty-one,
17 twenty-two, twenty-three and twenty-four.
18    THE COURT: All right, that objection is overruled.
19 There's overwhelming evidence that it was methamphetamine.
20 There may be a question about whether this is methamphetamine
21 L or methamphetamine D. Mr. Knight, do you want to be heard
22 on that?
23    MR. KNIGHT: Your Honor, I don't think that the
24 laboratory analysis determined whether it was L or D. I'm
25 not sure under the guidelines whether it--

(Exhibit 8)

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.                                         Case No. 3:96cr57/RV

ROBERT HENLEY AND
CHARLES HARRISON,

           Defendants.

---

            Transcript of Evidentiary Hearing

held in the above-styled cause before the Honorable Miles

Davis, Magistrate Judge, on the 5th day of June, 2001,

commencing at 1:32 p.m. at One North Palafox Street,

Pensacola, Florida.


                    DESIRAE S. JURA, RPR, CSR
                       Official Court Reporter
                          P. O. Box 1624
                     Pensacola, Florida 32597
                          (850) 433-9292

3

1                          --oOo--

2          THE COURT: Good afternoon, everyone. We are

3     here for an evidentiary hearing on Mr. Harrison and Mr.

4     Henley's cases. It looks like we have a procedural

5     preliminary matter to take up, and that's Mr. Harrison's

6     motion to allow him to represent himself. Mr. Kypreos, have

7     you seen this?

8          MR. KYPREOS: No, sir.

9          THE DEFENDANT: Could I speak, Your Honor?

10         THE COURT: Mr. Harrison, stand up and tell me

11    why you don't want a lawyer.

12         THE DEFENDANT: Well, I had all my legal stuff

13    and all that I brought with me to represent myself, but it

14    was lost in transit. So, I'm not prepared to argue my case.

15    I will have to depend on counsel.

16         THE COURT: You wish to withdraw your motion to

17    allow movant to represent himself?

18         MR. KYPREOS: Yes, sir.

19         THE COURT: All right. I will allow you to

20    withdraw that motion. The motion will be denied as

21    withdrawn.

22         THE DEFENDANT: Thank you.

23         THE COURT: We need also to discuss the issue

24    with the applicability of the Apprendi decision, because we

25    had left that -- or, I had left that open as a matter that

1   might be considered. The government has filed a
2   supplemental memorandum on the issue.
3       Mr. Kypreos, Mr. Jackson, the issue is whether we
4   are going to take any evidence this afternoon on matters
5   raised in the -- what's called the Apprendi issue. And
6   before I decide that, I need to decide whether we are going
7   to apply it retroactively. Does either counsel wish to be
8   heard on that?
9       MR. JACKSON: Judge, this was just handed to me
10  and probably to Mr. Kypreos, also. But I do note that the
11  Eleventh Circuit Court only found that Apprendi didn't apply
12  retroactively and, second, for successive sections of 2255.
13  This is an initial 2255 proceeding on behalf of Mr. Henley.
14      Based on that, based on the importance that
15  Apprendi applies, I would request that the Court follow the
16  law as it currently exists in the Eleventh Circuit, and go
17  ahead and allow the argument on Apprendi. If -- of course,
18  if the Court is wrong, I'm sure that the matter will be
19  taken up with the Eleventh Circuit and they will make the
20  ruling on it expeditiously. But our position is that the
21  Court ought to hear the argument on Apprendi at this point
22  because its significant impact -- I went and copied
23  Apprendi, and the Court is well aware that the case is that
24  thick.
25      And that would be our position on this, Judge.

1   Go ahead and follow the status of the law in the Eleventh
2   Circuit as it exists -- or, I guess, the ambiguity in the
3   law at this particular point, and go ahead and allow the
4   argument Apprendi.
5           THE COURT:  Mr. Kypreos.
6           MR. KYPREOS:  Your Honor, I must admit, I really
7   wasn't quite certain, from the order that you had entered
8   previously, precisely what we would be addressing as to
9   Apprendi.  In other words, as I read the order, it was
10  basically counsel would be appointed with respect to
11  evidentiary issues, and that essentially we were going to
12  have an evidentiary hearing today.  And it wasn't clear to
13  me whether or not we would be debating whether or not it was
14  retroactively applicable or not, although I didn't look into
15  that subject.
16          I guess my major disadvantage at this point is
17  having received a supplemental memorandum from the
18  government just today that cites about 39 cases, I can
19  assure you, I haven't read those 39 cases and I'm not
20  prepared to discuss that issue intelligently.
21          I had taken the order in the context, though,
22  that apparently the defendant, after filing his motion,
23  sought to have it amended, and apparently there was a hiatus
24  there for a while as to whether or not he could amend it and
25  whether or not Apprendi would be applicable.  And then I

believe the Court entered an order permitting him to amend it and raise the issue. And then, at least from the pleadings I had up to this stage, I didn't determine that there was an issue as to its retroactive applicability. Obviously, in light of the government's memorandum, at this time there will be that issue.

With respect to that issue, I think I can only make the following comments based on what I know at this time, and I would like time to respond. If we could have an extension of time to at least do a memorandum of law, if that's what you wish of us. Again, I was confused. I thought we were just doing evidentiary issues.

THE COURT: Well, let me stop you there, Mr. Kypreos. The order was worded in the way that it was because the defendants are movants in this case and asked -- or at least Mr. Harrison had, and Mr. Henley had as well -- to raise the Apprendi issue; the Apprendi decision came down from the Supreme Court, and it involved issues that may be relevant to this case.

MR. KYPREOS: Right.

THE COURT: And the issue of whether it's applicable has been somewhat up in the air, although I have to tell you, in decisions that I have rendered in the last six months or so, we have determined that it is not applicable and wouldn't be applicable in a case of this

1  nature. I put that in there just in case something changed
2  in the meantime, so I have to -- I left that in there so
3  that if something changed and it became appropriate today to
4  take evidence on the Apprendi issue, if it can be phrased in
5  that manner, then we can do it today, but the government
6  didn't have to give me its memorandum to convince me that
7  it's not applicable, because I had already ruled that in.
8  But I left it open for that reason.
9       MR. KYPREOS: And it was my understanding in the
10 sense the defendant had made his argument and his motion. I
11 would just like to make two comments on that particular
12 issue, if I may. I realize you have a viewpoint on this,
13 and --
14      THE COURT: Not a viewpoint. I have ruled on
15 this on other cases similar to this one.
16      MR. KYPREOS: Yes, sir. But what I would like
17 for you to consider is, first of all, it seems to me that
18 there is a central question that has to be addressed in
19 terms of its retroactive applicability. The first question,
20 as I understand, is -- looking at the government's
21 memorandum very briefly, is whether or not we have a
22 watershed constitutional issue here, or is it basically some
   [...] in procedure. I think yet another issue is --
   [...] looking at Apprendi is -- well, first as to

the defendant's essentially argued in his memorandum. But something else that the defendant said in his memorandum that caught my attention, Your Honor, was that if you look at his amended complaint, and you look at page 4 of his amended complaint, he said: The Supreme Court in Apprendi has now established a constitutional grill that which the Court in Jones suggested by way of footnote. As a result, in a federal statute where the quantity or type of drug constitutes a factor which might increase the maximum statutory penalty for an offense, then the quantity or type of drug constitutes an element of such an offense is now made clear by Apprendi and Jones. In such a situation, the quantity or type of drug must be charged in the indictment, submitted to the jury, and proven beyond a reasonable doubt.

Now, you know, as I understand it, we also have the Jones decision of which Apprendi was an extension. And, as I understand the defendant's argument, is what he is saying is, is that essentially, you know, they have made clear in Jones and Apprendi that this is not just a procedural rule, but it's a fundamental constitutional principal.

Now, there is one case I'm going to bring to your attention to you that supports the government's position as far as the retroactive applicability, but -- the case is United States versus Shawn Lamar Sanders. I may be

(Exhibit C)

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA,

vs.

CASE NO.: 3:96cr57/RV
3:00cv35/RV/MD

CHARLES RANDALL HARRISON

09856-002

### ORDER

This cause comes on for consideration upon the magistrate judge's report and recommendation dated July 9, 2001. The petitioner previously has been furnished a copy of the report and recommendation and has been afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1), and I have made a <u>de novo</u> determination of those portions to which an objection has been made.

Having considered the report and recommendation and all objections thereto timely filed by the parties, I have determined that the report and recommendation should be adopted.

Accordingly, it is now ORDERED as follows:

1. The magistrate judge's report and recommendation is adopted and incorporated by reference in this order.

2. The motion to vacate, set aside, or correct sentence (doc. 172) and the motion for modification and correction of sentence (doc. 213) is granted in part and denied in part as set forth in the magistrate judge's report and recommendation.

ENTERED ON DOCKET 9/27/01 BY _____
(Rules 58 & 79(a) FRCP or 32(d)(1) & 55 FRCrP)

Copies sent to: Knight, Harrison, MD,
USM, USPO

OFFICE OF CLERK
U.S. DISTRICT CT.
NORTHERN DIST. FLA.
PENSACOLA, FLA.

01 SEP 27 AM 8:26

250

ated July 9, 2001. Petitioner is hereby resentenced to a term of 360 months imprisonment on Count I. In all other respects, the petitioner's sentence remains in full force and effect.

DONE AND ORDERED this 27th day of September, 2001.

ROGER VINSON
CHIEF JUDGE

CERTIFIED A TRUE COPY
ROBERT A. MOSSING, CLERK
By: _____
Deputy Clerk

Date: 10-__-01
Telephone #: 850-435-__40
Name & Title of Person Contacted
For Verification: Lynn
Staff Signature: _____