IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE
2007 APR -9 P 2: 19
U.S. DISTRICT COURT
DISTRICT OF MASS.

CHARLES RANDALL HARRISON,
Petitioner,

.v.

CAROLYN SABOL (WARDEN)
Respondent.

CIVIL NO: 05-40021-MLW

## MOTION TO AMEND

Comes Now, petitioner, Charles Randall Harrison and respectfully moves this Honorable Court to allow amendment of his section 2241, petition by the addition of the proposed amendment filled with this motion. This motion is made pursuant to federal rules of civil procedure, rule 15(a) and includes and incoperates by reference the factual allegations, the exhibits and the legal argument set forth in petitioner's original section 2241 petition on file with this court, as well as the authorities and argument set forth in the supporting memorandum attached hereto.

Respectfully submitted.

*Charles R. Harrison*

CHARLES RANDALL HARRISON
REG # 09856-002   UNIT p-2
FMC DEVENS, P.O. BOX 879
AYER,   MA   01432-0879

**MEMORANDUM OF LAW IN
SUPPORT OF AMENDMENT**

Section 2242 of the Judicial code provides that Habeas Corpus application "may be amended or supplemented as provided in the rules provided applicable to civil action" **Id.** 28 U.S.C. 2242.  Likewise, Rule 11 of the rules governing 2254 cases provides that "[t]he Federal Rules of Civil Proc., to the extent that they are not inconsistent with these rules, may be applied, when appropriate, to petitions filed under these rules".  The advisory committee note to habeas Rule 5 points out, in turn, that under [Habeas] Rule 11 the Court is given the discretion to incorporate Federal Rules of Civil procedure when appropriate, so Civil Rule 15(a) may be used to allow the Petitioner to amend his petition. "**Id.** taken together these provisions allow amendment of the petition, under the liberal standards of Civil Rule 15".  J. Liebman and R. Hertz, **Federal Habeas Corpus Practice and Procedure.**  17.2 (2nd Ed. 1994) (collecting authorities).

Civil Rule 15(a) gives Habeas Corpus Petitioners, like other civil complaintants, the right to amend the petition once without leave of the Court "at any time before [the respondent files] a responsive pleading". **WILLIS v. COLLINS**, 989 F.2D 187, 189 (5th Cir. 1993).  After the Petitioner files one pre-answer amendment or the respondent submits an answer or other responsive pleading.  Civil Rule 15 permits amendment "by leave of Court or by written consent of the adverse party". Fed. R. Civ. Proc. 15(a); cf. **BIRD v. COLLINS**, 924 F.2D 67, 68 (5TH CIR.) (per curiam), Cert. denied 111 S.Ct. 2819 (1991). "[L]eave [to amend] shall be freely

(2)

given when Justice so requires". **Federal Habeas Corpus Practice and Procedure,** Supra, 17.2 *quoting Fed. Rules Civ. Proc. 15(a) and collecting authorities*.

Two situations recure in Petitioners seek and Courts grant leave to amend. The first situation, discussed above, arises when either the District Court (acting through the clerk or the Judge) or respondent (for instance, in its answer or in a dismissal or summary judgment motion), suggests that the Petition is defective in form or that it fails to state a cause of action, or to plead facts sufficient to justify relief. The advisory committee notes to the Habeas rules invite amendments in these suituations, and the Federal Courts long have permitted such amendments that cure formal, procedural, or substantive defects in the Petition and state tenable claims for relief.

Based on the foregoing facts and law, as well as principles of fundamental fairness, Harrison respectfully submits that leave to amend is appropriate and should be granted in this case. **SEE: J. LIEBMAN AND R. HERTZ. FEDERAL HABEAS CORPUS PRACTICE AND PROCEDURE.** 3.4a pp. 156-157 and [n.16](3rd Ed. 1998)(and authorities therein).

Respectfully Submitted,

*Charles R. Harrison*
CHARLES RANDALL HARRISON
REG # 09856-002   P-2
F . M . C . DEVENS
POST OFFICE BOX 879
AYER,   MA 01432-0879

(3)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CHARLES RANDALL HARRISON,
Petitioner.

.v.   CIVIL NO: 05-40021-MLW

CAROLYN SABOL, WARDEN,
Respondent.

FILED
IN CLERKS OFFICE
2007 APR -9  P 2:19
U.S. DISTRICT COURT
DISTRICT OF MASS.

AMENDED PETITION

Comes Now, petitioner, Charles Randall Harrison, and respectfully moves this Honorable Court to allow amendment of his section 2241 (c) (3) petition on file with this court by the addition of the proposed amendment. It should be noticed that this institution has changed Wardens and David L. Winn has retired and the new Warden is Carolyn Sabol as captioned above.
(1)   On January 23, 1997, petitioner was sentenced to 420 months imprisonemnt in the United States District Court for the Northern District of Florida. The sentence was imposed pursuant to subchapter A of Chapter 227 of the sentencing reform Act of 1984, ( 18 U.S.C. 3553 (b) (1). Notably that statute has been exised as unconstitutional pursuant to the sixth amendment . See United States .v. Booker, 125 S.Ct. 738 (2005). See also : Ex parte Siebold, 100 U.S. 371, 375-76, 25 L. ed. 717 ( 1880 ).

" An unconstitutional law is void, and is as no law. An offense created by it is not a crime. A conviction under it is not merely

(1)

erroneous, but is illegal and void and cannot be a legal cause of imprisonment".

(2) Notwithstanding the invalidation of the statute under which the petitioner was sentenced, the petitioner remains imprisoned by the federal bureau of prisons. The authority for petitioner's present detention by the bureau of prisons is non-existent. Indeed, the authority of the bureau of prisons to detain or imprison is conferred upon the bureau of prisons by operation of 18 U.S.C. §3621 (a). That section provides:

> A person who has been sentenced to a term of imprisonment pursuant to the provisions of **subchapter D of Chapter 227** shall be committed to the custody of the bureau of prisons until the expiration of the term imposed, or until earlier released for satisfactory behavior pursuant to the provisions of section 3624.

**Id. (emphasis added)**

(3) Section 3621 (a) unequivocally extends only to those prisoners who were sentenced " **Pursuant to the provisions of subchapter D of chapter 227** [of the sentencing reform Act of 1984--i.e., 18 U.S.C. § 3581 et Seq. ]" Therefore, prisoners who have not been sentenced pursuant to 18 U.S.C. § 3581 may not be detained by the federal bureau of prisons under the authority granted by section 3621(a). Indeed, in the case of a United States Citizen", Congress has forbidden non-statutory confinement in federal prisons by 18 U.S.C. §4001(a)". **Lono v Fenton**, 581 F. 2d 645, 648 (7thcir. 1978). Section 4001(a) (" **Limitation** on detention; control of prison") expressly states that "[n]o citizen shall be imprisoned or otherwise detained by the United States except pursuant to an act of congress". **Id.**; See also **Hamdi .V. Rumsfield**, 124 S.Ct. 2633 (2004) (Souter J., dissenting). The Act of congress" giving rise to the imprisonment or otherwise detention

(2)

of federally convicted offenders is expressly set out in subchapter C of Chapter 227 of the sentencing reform act of 1984-- 18 U.S.C. § 3621(a). Therefore, any imprisonment or detention by the federal bureau of prisons must be authorized under section 3621(a). Therefore, a prisoner must have been sentenced pursuant to subchapter D of Chapter 227"--- 18 U.S.C. § 3581--before the bureau of prisons may assume custody over that individual.

Although the statute ---18 U.S.C. §3621(a)---clearly requires sentencing to be imposed " pursuant to the provisions of [18 U.S.C. § 3581]". See, 18 U.S.C. §3621(a), several federal appellate courts have held that section 3581 <u>does not</u> apply to offenses such as the one petitioner was convicted of.

More specifically in **United States .v. Gonzalez, 922 F. 2d 1044, 1050 (2ndcir. 1991)**, a panel of the second circuit held that;

> ..........."§ 3581 is meant to assign terms of imprisonment to all other offensesi.e., those statutes that <u>did not set forth specific sentences, but only classified the offense as one or another type of felony or misdemeanor</u>.

(5)  Significantly, other courts have rendered consistent opinions. See E.G., **United States .v. Avery, 15 F. 3d 816 (9thcir. 1993)**.

(6)  In **Goldings .v. Winn, 383 F. #d 17, 25 (1stcir. 2004)**. A panel of the first circuit observed that "[s]ubsection 3621(a) directs persons" sentenced to serve a term of imprisonment" to the custody of the bureau of prisons" thereby rendering them prisoner's and hence" imprisoned' for purposes of §3621(b)"--- which addresses the place of imprisonment. <u>Id</u>.  Indeed, even the bureau of prisons acknowledges that **title 18 U.S.C. §3621(a)** gives the bureau of prisons authority to confine persons sentenced to a term of imprisonemnt".

(3)

**United States Department of Justice legal resource guide to the federal bureau of prisons 2003, at 11.** Since, " it is not the place of imprisonment that determines whether an offender is imprisoned but the <u>fact and nature of the offender's</u> sentence.... and the identity of the custodian( the bureau of prisons". **Goldings .v. Winn, 383 F.3d at 25.**

(7)   Given the expressed congressional directive set forth in 18 U.S.C. §3621(a) and §4001(a), petitioner's present confinement by the bureau of prisons ---without expressed congressional authorization---violates the laws of **United States.** Since section §4001(a) forbids imprisoning citizens inless congress has expressly authorized their detention, petitioner must be immediately released. See e.g., **lono .v. fenton 581 F. 2d at 648** ( reversing and remanding to district court with instructions to release prisoner from federal custody, where custody in federal prison was not authorized by statute.

## CONCLUSION

Petitioner having clearly demonstrated that he is entitled to relief under 28 U.S.C. § 2241(c)(3), an order granting this petition and motion to amend should issue forwith.

Respectfully submitted,

date 4/5/07

Charles R. Harrison

CHARLES RANDALL HARRISON
REG # 09856-002 UNIT P-2
F. M. C. DEVENS
POST OFFICE BOX 879
AYER,   MA  01432-0879

(4)

CERTIFICATE OF SERVICE

I CHARLES RANDALL HARRISON, PETITIONER DO CERTIFY THAT I DID CAUSE TO BE PLACED IN THE HANDS OF PRISON AUTHORITIES ONE COPY OF MY MOTION TO AMEND AND AMENDED PETITION TO THE BELOW STATED ADDRESS TO BE SERVED BY FIRST CLASS MAIL.

SABITA SINGH
ASSISTANT UNITED STATES ATTORNEY
1 COURTHOUSE WAY, SUITE 9200
BOSTON MA. 02210

DATED 4-5-2007

*Charles R. Harrison* (signature)

Charles Randall Harrison
#09856-002, UNIT P-2
FMC DEVENS, P.O. BOX 879
AYER MA. 01432-0879