```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS

CHARLES RANDALL HARRISON,     )
     Petitioner               )
                              )
         v.                   )  C.A. No. 05-40021-MLW
                              )
                              )
WARDEN DAVID L. WINN,         )
     Respondent               )
```

## MEMORANDUM AND ORDER

WOLF, D.J.

Pro se petitioner Charles Harrison seeks relief pursuant to 28 U.S.C. §2241. He raises three grounds for relief: 1) inadequacy of the indictment; 2) prosecutorial misconduct; and 3) improper jury instructions. Moreover, the petitioner has twice moved to amend his petition to allege denial of his right to a jury trial. For the reasons discussed in this Memorandum, the motions to amend and the petition are being denied.

A petitioner seeking to challenge collaterally his federal sentence must rely primarily upon 28 U.S.C. §2255 for relief. United States v. Barrett, 178 F.3d 34, 50. Under §2255, a petitioner may claim that his sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or that the sentence is otherwise subject to collateral attack. See 28 U.S.C. §2255.

Pursuant to §2255, the petitioner has twice challenged in the United States District Court for the Northern District of Florida the validity of his conviction. See January 27, 2004 Memorandum and Order denying §2255 Petition. That court granted the first petition in part, ordered a new sentence, and then denied the subsequent petition. Id. Harrison has not received a certificate of appealability authorizing this third §2255 petition as required by statute. See 28 U.S.C. §2255 ¶8. Instead, he seeks relief in this court pursuant to §2241 rather than §2255.

Where a petitioner challenges the validity of his detention, relief pursuant to §2241 is authorized only where remedy under §2255 is "inadequate or ineffective." 28 U.S.C. §2255; Barrett, 178 F.3d at 49-50. Under this standard, a petitioner's inability to meet the procedural requirements of §2255 is insufficient. Barrett, 178 F.3d at 50. Courts that have considered the "inadequate or ineffective" language have limited it to narrowly include circumstances where the petitioner has had no opportunity to raise his claims and where denial of relief would result in a "complete miscarriage of justice" or raise "serious constitutional questions" such as "actual innocence." Id. 51-52. Though the petitioner's instant claims could have been raised under §2255, he contends that his §2241 petition is nonetheless proper because he is actually innocent. He argues that this innocence arises from the inadequacies of the indictment against him - because the indictment

provided incorrect statutory citations, the petitioner believes that he was charged with nonexistent crimes. His argument is not persuasive.

Discussing exceptions to the procedural rules of §2255, the Supreme Court has explained that "actual innocence" requires a showing of "factual innocence, not merely legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998). The First Circuit has opined that this standard may inform the scope of §2241. Barrett, 178 F.3d at 52. However, the court need not decide whether "actual innocence" under §2255 is a prerequisite to relief under §2241 because the petitioner fails to demonstrate legal error let alone actual innocence or other forms of manifest injustice resulting from the denial of habeas relief that would render §2255 inadequate.

The petitioner argues unpersuasively that he was convicted under a non-existent charge because the indictment cited the wrong statute. His contention notwithstanding, "error in the citation or its omission shall not be ground for dismissal of the indictment...or for reversal of a conviction if the error or omission did not mislead the defendant to the defendant's prejudice." See F.R.Crim.P. 7(c); United States v. Isabel, 945 F.2d 1193, 1196-98 (1st Cir. 1991). The petitioner does not allege that he was mislead by the incorrect citation in the indictment. Moreover, such a showing would simply establish legal error that

could be addressed under §2255. This is not a case in which the petitioner has been convicted for non-criminal conduct. As such, §2255 is adequate to address the petitioner's claim.

Finally, the petitioner does not contest the adequacy of §2255 as it related to the further errors alleged in the amended petition or the proposed second amended petition. Accordingly, it is hereby ORDERED that:

1. The Petitioner's Motion to Amend and Motion to Supplement (Docket Nos. 24, 26) are DENIED as futile.

2. The Amended Petition (Docket No. 20) is DENIED.

                                                /s/ Mark L. Wolf
                                                UNITED STATES DISTRICT JUDGE