**MANDATE**

# United States Court of Appeals
## For the First Circuit

05-40021
USDC/MA
Wolf, M.

No. 07-2210

CHARLES RANDALL HARRISON,

Petitioner, Appellant,

v.

DAVID L. WINN,

Respondent, Appellee.

Before

Lynch, Lipez and Howard,
<u>Circuit Judges</u>.

JUDGMENT

Entered: March 26, 2008

    Appellant Charles Harrison was convicted in the United States District Court for the Northern District of Florida for his part in a drug conspiracy. Harrison is in the custody of a federal facility in Massachusetts, and had filed a petition for habeas corpus relief in the United States District Court for the District of Massachusetts under 28 U.S.C. § 2241. The district court denied the relief requested, and this appeal followed. The government has moved for summary disposition under this court's Local Rule 27.0.

    Harrison has raised claims that he maintains show "fraud on the court," demonstrate his "actual innocence" of the offenses in question, and qualify under the "savings clause" of 28 U.S.C. § 2255 as grounds for relief under § 2241. We disagree.

    Harrison complains that the government falsely depicted the drugs in question as methamphetamine, rather than amphetamine, but Harrison has already successfully used § 2255 to challenge methamphetamine as a factor in the determination of his statutory

exposure under 21 U.S.C. § 841, and was resentenced in accordance with the statutory maximum applicable for amphetamine. He has no persuasive explanation of why any further relief is warranted or should be available at this late date by resort to § 2241.

Harrison seizes upon a typographical error in his indictment to argue that he was charged with a non-existent crime, but this is precisely the type of circumstance addressed by Fed.R.Crim.P. 7(c)(3). The indictment clearly identified the statutory title and section being invoked, and the controlled substances alleged. A typographical error as to the operative subparagraph is not a 'jurisdictional' defect, as Harrison insists, nor is there any reasonable basis for concern that Harrison was misled by the error.

Harrison also argues that his sentencing was tainted by judicial factfinding, and that the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), has voided the statutory authority for his imprisonment. Apart from the frailty of their merits, these arguments are foreclosed by our established precedents on retroactivity. See Cirilo-Munoz v. United States, 404 F.3d 527, 532-533 (1st Cir. 2005).

The appellee's motion for summary disposition is well taken. The motion is **granted** and the judgment is **affirmed**.

By the Court:

Richard Cushing Donovan, Clerk.

Certified and Issued as Mandate under Fed. R. App. P. 41.

Richard Cushing Donovan, Clerk

Deputy Clerk

Date:

By:_____
    Chief Deputy Clerk.

[cc: Dina M. Chaitowitz, AUSA, Neil J. Gallagher, Jr., AUSA, Randall E. Kromm, AUSA, S. T. Merritt, AUSA, Charles R. Harrison]